## DIEHL, Judge, In Re

Ohio Appeals, 5th Dist, Stark Co

Decided June 29, 1933

L. B. McMillen, Canton, for complainants.
Hart, Druckenbrod & McHenry, Canton,
Fisher, Leahy & Weintraub, Canton, and
Oscar M. Abt, Canton, for Judge Diehl.

MONTGOMERY, J.

Article 2, §38 of the Constitution of the state of Ohio, directs that laws shall be enacted providing for the removal of public officers. §10-2, GC, specifically provides that the Court of Appeals shall have power to remove judges of the Common Pleas Court. In our judgment there can be no question of the jurisdiction of this court to hear and determine this proceeding.

So far as taking the Bankrupt Act is concerned, it is sufficient to observe that the Congress of the United States has provided such a course for insolvent debtors, within which class Judge Diehl clearly comes. There is no exception applicable to Judge Diehl from the right of an insolvent debtor to avail himself of this Bankrupt Act. When the chief law-making body of the United States has authorized such a proceeding, neither this court, nor any other court, can punish a man for availing himself of it. It is admitted that the bankrupt made an honest return of his assets, and there is no proof, that, by availing himself of this Act, he is seeking to avoid paying his just obligations.

The record shows that Edwin W. Diehl was appointed in the year 1923 to fill an unexpired term as judge of the Common Pleas Court of Stark County; that in 1924 he was elected to a full term of six years; that in 1930 he was re-elected to a second full term, and that he entered upon his present term February 9, 1931. At the time he first took office, he was indebted to banks, to individuals, including some practicing lawyers, in an amount aggregating $24,000. Of this original indebtedness, approximately $14,000 is still outstanding, and there have been additional borrowings from banks, and individuals, including practicing lawyers, of approximately $6,000, so that his present indebtedness is a little in excess of $20,000, and additional obligations as surety make for him a total indebtedness of approximately $22,000.

The record shows that Judge Diehl has borrowed money from twelve practicing lawyers, and that three others have signed notes for him as surety. Some of these obligations were in force when he went upon the bench, others have been incurred since that time. Seven of these lawyers have been paid in full. To five of them he is still indebted, and the obligations to which the three bound themselves as surety are still unpaid. None of these obligations have been incurred since February 9, 1931, the date of his beginning his present term of office.

Counsel for the judge contend that under the holding of the Supreme Court of Ohio, in the case of the State ex Vogt v Donahey, Governor, 108 Oh St, 440, the fact that none of the things complained of herein occurred during the present term of office, constitutes a bar to the prosecution of this proceeding. With that contention, we do not agree.

The facts in this proceeding easily distinguish it from the Vogt case. In that case, the complaint alleged that Vogt, as Mayor of Massillon, had permitted the open and notorious operation, of places for the illegal sale of liquor, of gambling houses, and houses of prostitution; that he had retained and reinstated in office policemen who were known protectors of vice. The Supreme Court held incompetent, evidence of such alleged misconduct during a term of office which had expired. There was a course of conduct, open and notorious, and the electors of the city of Massillon had re-elected this mayor. Under our system of government, the decision of the electors in such a case is final.

In the instant proceeding the conduct of Judge Diehl complained of was not open and notorious. From its very nature it was not known, and could not be known, by the electorate. Whatever vice, if any, inhered in it, was continuing and was just as potent in his present term of office, as in the terms during which the borrowings occurred. The gravity of the charge lies not so much in the borrowing, as in his continued owing of sums borrowed.

Let it be understood that this court disapproves and condemns the practice on the part of any judge of borrowing money from lawyers practicing before him, or of obligating himself in any way to them. The question for us to determine is whether the evidence introduced before us shows that such borrowing, and such obligating him-

self, affected the official conduct of Judge Diehl, and resulted in favoritism or discrimination, or in any perversion of proper administration of justice.

As stated by the Supreme Court of Iowa in the case of State of Iowa ex Attorney General v Naumann, 81 A.L.R., 483, a statute authorizing the removal of a public officer for neglect of duty, maladministration or corruption, must be given a strict construction, and the evidence in support of the complaint must be clear and convincing. With that pronouncement, we are in complete accord.

Measured by that standard, what do we find in the instant proceeding? We cannot determine it upon inference or suspicion. We must determine it upon the evidence. There is an absolute and complete failure of proof that the things complained of affected in any way the attitude or the judicial conduct of Judge Diehl. There is no proof of any kind of favoritism or discrimination shown by him as a result of these transactions. The evidence produced all tends to show the contrary.

It is, therefore, the judgment and order of this court that the complaint filed therein be, and it is dismissed.

Exceptions may be noted.

SHERICK, PJ, and LEMERT, J, concur.