By the Court.
 

 This case was instituted in the Court of Appeals of Stark county by the filing of a complaint, signed by more than one thousand electors, asking for the removal of the defendant, Edwin W. Diehl, as judge of the Court of Common Pleas of Stark county, and for the forfeiture of his office with its emoluments. The complaint was filed pursuant to the provisions of Section 38, Article II of the Constitution, and Sections 10-1
 
 et seq.,
 
 General Code. The Court of Appeals heard the evidence and found that there was no proof of any kind of favoritism or discrimination shown by him as a result of the transactions named in the complaint, and ordered the complaint dismissed. Whereupon error was prosecuted to this court.
 

 The complaint charged the judge with misconduct in office involving moral turpitude, and contained several specifications, which fall, as the Court of Appeals stated in its opinion, within two heads:
 
 First.
 
 That the judge had, over a period of years, borrowed money from attorneys practicing before him, and otherwise placed himself under financial obligations to
 
 them;
 
 and that over the same period he had borrowed large sums of money from various banks and other persons residing in the county, thus placing himself under obli
 
 *213
 
 gations to such banks and persons; and that the judge had frequently discriminated in favor of attorneys and other piersons from whom he had borrowed money.
 
 Second,.
 
 That the incumbent had sought to evade his obligations for the repayment of moneys borrowed, by instituting proceedings in bankruptcy, and had influenced lawyers practicing before him to waive their claims in the bankruptcy proceedings. The complainants applied to the appellate court for findings of fact and conclusions of law, which the court granted.
 

 Briefly stated, the salient facts found by the Court of Appeals are as follows: The defendant judge was appointed on September 1, 1923, to fill the unexpired term of a judge of the Court of Common Pleas of Stark county. In November, 1924, he was elected for a full term of six years, and again, in 1930, was elected to his present term of six years beginning February 9, 1931. The Court of Appeals made a lengthy finding of facts respecting the incumbent’s pecuniary transactions and financial standing during the period he was in office, in connection with the proceedings in- bankruptcy instituted under the bankruptcy act. The Court of Appeals in respect to the bankruptcy proceedings found in effect that the bankrupt had made a full disclosure of and an honest return of his assets, and was not seeking to avoid payment of his obligations. However, the chief complaint against incumbent was with respect to borrowing money from attorneys and from banks and others. Upon that phase of the case, which is perhaps the most serious one contended for by complainants, the Court of Appeals found that while lawyers, over a period of years, had loaned money to or had become obligated as surety for the incumbent, none of these obligations were incurred since the ninth day of February, 1931, the date of the beginning of the present term of office; that there is an absolute and complete failure of proof that the borrowing from any of these lawyers affected, in any way, the attitude
 
 *214
 
 or judicial conduct of the said Edwin W. Diehl, during this or any other term as judge of the Court of Common Pleas; that there is no proof of any kind of favoritism or discrimination shown by him as a result of these transactions and that the evidence produced all tends to show to the contrary. As to borrowing from banks and persons other than lawyers, the court found “that there is a complete failure of proof that any such borrowings in any manner affected in any way the attitude of the judicial conduct of the said Edwin W. Diehl. ’ ’
 

 The borrowing transactions, it will be 'noted, occurred during a period of years extending from the time he first took office on September 1, 1923. Had these obligations been fully paid prior to his taking his present term of office, on February 9, 1931, under the rule stated in
 
 State, ex rel. Vogt,
 
 v.
 
 Donahey,
 
 108 Ohio St., 440, 140 N. E., 609, such transaction would be incompetent as tending to show any discrimination during his existing term, because such obligations had been fully paid. As stated in the
 
 Donahey case, supra,
 
 the cause of removal “must arise during the term, and subsequent to the exercise of the power to elect vested in the electors of a municipality. ’ ’ That principle applies in this case. However, if such obligations to lawyers practicing before him still exist, and remain unpaid during his present term of office, such transactions would be competent as showing that discriminations might result because of the obligations still existing which might possibly exert an influence upon the judge. The Court of Appeals found that none of the obligations owing to practicing lawyers had been incurred since the ninth day of February, 1931, the date of beginning his present term of office.
 

 Statutes authorizing the removal of an incumbent from office are
 
 quasi
 
 penal in character, and we agree with the Court of Appeals that removal statutes should
 
 *215
 
 be strictly construed and that tbe evidence sustaining tbe removal of an official from office should be clear and convincing. Tbe testimony contained in tbe record is quite lengthy and we do not feel warranted in reversing tbe judgment of tbe appellate court merely because we do not agree on closely disputed facts. Tbe appellate court bad one advantage we do not possess. It was confronted with witnesses, face to face.
 

 We strongly disapprove tbe practice of an incumbent judge borrowing money from lawyers who practice before him — a practice that should be condemned and be frowned upon. However, in order to make a case of moral turpitude, evidence should be produced tending to show that, because of such borrowing, tbe incumbent discriminated in favor of tbe attorneys and others from whom be borrowed. If such causal connection be shown this would make a case “of misconduct in office involving moral turpitude,” as charged in tbe complaint. But tbe appellate court found as a fact that there was an absolute and complete failure of proof that tbe borrowing from any of tbe lawyers affected tbe attitude or judicial conduct of tbe judge during any terms of bis office; and “that there is no proof of any kind of favoritism or discrimination • shown by him as a result of these transactions, and that tbe evidence produced all tends to show to tbe contrary.” Tbe Court of Appeals also found that there was a complete failure of proof that any of tbe borrowing from tbe several banks and persons other than lawyers “in any manner affected in any way tbe attitude of tbe judicial conduct of tbe said Edwin W. Diehl.”
 

 In view of tbe extensive testimony taken in this case, and tbe explicit findings of tbe Court of Appeals upon tbe main issues in favor of tbe incumbent, the majority of this court are disinclined to reverse tbe judgment
 
 *216
 
 of the Court of Appeals solely upon the questions of fact. For that reason the judgment is affirmed.
 

 Judgment affirmed.
 

 Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.