Stewart, J.
 

 In this opinion the complainant will bo designated as such and Coppola and Schraum as the couneilmen.
 

 Section 4670, G-eneral Code, provides :
 

 “When complaint under oath is filed with the probate judge of the county in which the municipality., or the larger part thereof is situated, by any elector of the corporation, signed and approved by four other electors thereof, charging any one or more of the following: That a member of the council or an officer of the corporation is or has been interested, directly or indirectly, in the profits of a contract, job, work or service, * * * in work undertaken or prosecuted by the corporation, contrary to law; * * * such probate judge shall forthwith issue a citation to the parties charged
 
 *331
 
 in such complaint for his appearance before him within ten days from the filing thereof, and also furnish the accused and city solicitor with a copy thereof, but, before acting upon such complaint, such judge shall require the party complaining to furnish sufficient surety [security] for costs.”
 

 In the present case the citations were issued and the security for costs furnished as required by the statute.
 

 Section 3808, General Code, provides in part:
 

 “No member of the council * * * shall have any interest in the expenditure of money on the part of the corporation other than his fixed compensation. A violation of any provision of this section shall disqualify the party violating it from holding any office of trust or profit in the corporation, and shall render him liable to the corporation for all sums of money or other thing he may receive, contrary to the provisions of this section, and if in office he shall be dismissed therefrom. ’ ’
 

 Since the demurrers in this ease admitted for their purpose all the well pleaded allegations in the complaints, we must assume that the councilmen were interested in contracts and did perform certain services with and for the village of Lowellville and that they did have a direct interest in the expenditure of money on the part of such village other than their fixed compensation. It follows that the sole question before us is whether such acts on the part of the councilmen in their previous terms were covered by Sections 4670 and 3808, General Code.
 

 With reference to the removal of a public officer for misconduct during a previous term, it is said in 17 A. L. R., 279:
 

 “The cases on the present question are in conflict. This is due in part to differences in statutes and constitutional provisions, but also in part to a divergence
 
 *332
 
 of views witli respect to the question whether the subsequent election or appointment condones the prior misconduct. It cannot apparently be said that there is a decided weight of authority on either side of the question, although the courts and text writers have sometimes regarded the weight of authority as denying the right to remove one from office because of misconduct during a prior term; and some courts which have held to the contrary have considered that the larger number of cases favored this view. As will be seen from this annotation, the cases, numerically considered, are nearly evenly divided.” See, also, 138 A. L. R., 753.
 

 In Ohio, under statutes authorizing the removal of a public officer for misconduct, nonfeasance in office or gross and wilful neglect of duty, it has been held that the misconduct, nonfeasance or neglect must have occurred within the term of office during which it is sought to remove the officer.
 
 State, ex rel. Vogt,
 
 v.
 
 Donahey, Governor,
 
 108 Ohio St., 440, 140 N. E., 609; and
 
 McMillen
 
 v.
 
 Diehl, Judge,
 
 128 Ohio St., 212, 190 N. E., 567.
 

 That holding seems logical for the reason, as stated in the
 
 McMillen
 
 case, that statutes authorizing the removal of an incumbent from office are
 
 quasi-penal
 
 in character and should be strictly construed.
 

 However, the General Assembly has the power to require reasonable qualifications for office and if a statute provides that misfeasance and malfeasance during a previous term shall be a ground for the removal of a public official during his existing term, such a statute must be given effect.
 

 Section 4670, General Code, authorizes complaints such as those in the present case, where a member of council “is or
 
 has been
 
 interested, directly or indirectly, in the profits of a contract, job, work or service, * * * contrary to law.” (Italics ours.) There is no
 
 *333
 
 limitation on the words, “has been,” and since they are not limited to the present term of the councilmen it would seem plain that they may refer to acts charged against councilmen which occurred in their previous terms as well.
 

 There is a stronger reason why the acts of the councilmen in their previous terms made them amenable to-the complaints.
 

 Section 3808, General Code, provides that no member of council ‘ ‘ shall have any interest in the expenditure of money on the part of the corporation other than his fixed compensation,” and that “a violation of any provision of this section shall disqualify the party violating it from holding any office of trust or profit ini the corporation.”
 

 In plain unambiguous language this section renders a councilman who violates it ineligible to hold any office in the municipality of which he is a councilman. There is no limitation of time and the meaning of the section is so clear it seems obvious that if a councilman in any term of office had or has an interest in the expenditure of money on the part of the municipality, other than his salary, he is rendered incompetent to hold an office in the municipality.
 

 In the case of
 
 State, ex rel. Holbrock,
 
 v.
 
 Egry,
 
 79 Ohio St., 391, 400, 87 N. E., 269, one Holbrock had been: elected a councilman of the city of Hamilton in 1907 for a term beginning January 1, 1908. When, on January 3,
 
 1908,
 
 the council met to organize,
 
 other
 
 members thereof protested against Holbrock’s being, a member and offered a resolution reciting that Holbrock had, in a preceding term, sold shoes and merchandise to the city of Hamilton and was thereby disqualified from holding any office of trust or profit in-the city, and that his office as councilman be declared; vacant. The resolution was adopted and another person was elected as a member of the council to fill the-vacancy.
 

 
 *334
 
 Holbrock instituted a proceeding in quo warranto against the councilman elected to take his place, and in Holbrock’s petition in quo warranto he admitted that he was a member of the council of the city of Hamilton during 1906 and 1907 and in that term he had sold shoes to the city and was paid for the same.
 

 Paragraph three of the syllabus reads:
 

 “The provision of Section 1536-205, Revised Statutes [Section 3808, General Code], which provides that, ‘nor shall any member of the council * * * have any interest in the expenditure of money on the part <of the corporation other than his fixed compensation; and a violation of any provision of this section shall disqualify the party violating it from holding any office of trust or profit in the corporation, * * *' and if in office he shall be dismissed therefrom, ’ is not one of the qualifications of a member of council that the council is made the judge of by Section 1536-612, Revised Statutes; and the city council is without authority to determine the fact of such disqualification and upon a finding of such fact to declare a member’s seat vacant, and to proceed to fill the vacancy, but the court will not in a proceeding in quo warranto, by the person so deprived of his office, oust the person elected to fill the vacancy and restore the relator to the office
 
 when in his petition he admits the fact of such disqualifica
 
 tion.” (Italics ours.)
 

 In the opinion it is stated:
 

 “In the relator’s petition in quo warranto he avers: ‘The plaintiff says that he, during the years 1906 and 1907, was a member of said council of the city of Hamilton, Ohio, and that during said time he accepted orders from the board of public service, delivered shoes thereon and received pay for same as follows; ’ then follow the orders and vouchers referred to in the resolution. Being of opinion that this was a vio
 
 *335
 
 lation of that provision of the section which provides that a member of council shall not have any interest in the expenditure of money on the part of the corporation and is ground for his removal from his office,, and he having admitted the fact, the court will not adjudge that he should be restored to his office, and' the defendant being in the office by the votes of those who would have authority to fill the vacancy occasioned by the relator’s removal from the office, the court will in the exercise of its discretion not oust him therefrom. ”
 

 Although that case was one in quo warranto, this court held squarely that a violation of, the provisions of Section 1536-205, Revised Statutes (now Section 3808, General Code), in a previous couneilmanic term is a disqualification of a councilman to hold his couneilmanic office in a subsequent term.
 

 In the instant case, the councilmen contend that Section 4, Article V of the Ohio Constitution, prohibits the passage of a law by the General Assembly making a person ineligible to office, unless he has been convicted of bribery, perjury, or other infamous crime». That provision of the Constitution reads as follows:
 

 “The General Assembly shall have power to exclude from the privilege of voting, or of being eligible to office, any person convicted of bribery, perjury or other infamous crime.”
 

 However, this court has held that this provision of the Constitution is not in itself a grant of power but a limitation upon power otherwise generally granted.
 
 Mason
 
 v.
 
 State, ex rel. McCoy,
 
 58 Ohio St., 30, 50, 50 N. E., 6, 41 L. R. A., 291.
 

 It is stated in the opinion in the
 
 Mason case:
 

 “The object of Section 4 is to authorize the General Assembly to award a punishment upon conviction of infamous crime which will permanently exclude the
 
 *336
 
 criminal from voting and from holding office, and the effect of the statute enacted by virtue of that section, is to accomplish that object.”
 

 The opinion then goes on to state that the constitutional provision does not prevent the operation and effect of a statute which simply disqualifies one from a particular office, where the person claiming the office has violated the terms of the statute.
 

 There is no question of the power of the General Assembly to legislate as to reasonable qualifications for office.
 
 State, ex rel. Attorney General,
 
 v.
 
 Covington,
 
 29 Ohio St., 102.
 

 Since the power to remove a public officer for misconduct during a previous term of office is dependent upon the wording in the statutes providing for such removal; since Section 4670, General Code, provides that where a member of council is or has been interested, directly or indirectly, in the profits of a contract, job, work or service, etc., a complaint may be filed against him; and since Section 3808, General Code, provides that no member of a council shall have any interest in the expenditure of money on the part of the municipality other than his fixed compensation, and that a violation of that provision shall disqualify the councilman from holding any office of trust or profit in the municipal corporation of which he is a councilman; we are constrained to hold that the Court of Appeals was in error in affirming the judgments of the Probate Court sustaining the demurrers to the complaints.
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to the Probate Court of Mahoning County with instructions to overrule the demurrers.
 

 Judgment reversed.
 

 Wbygandt, C. J., Taft, Matthias and Hart, JJ., concur.