Herbert, J.
Although counsel for appellants makes eight assignments of error, discussion and determination of the fifth and sixth are sufficient to dispose of the case. These two assignments are: “Said Court of Appeals erred in requiring that the evidence to warrant removal of appellee must be ‘clear and convincing’ ” and “said Court of Appeals erred in substituting its judgment that the evidence amounted at the most to simple or ordinary neglect as against the village council’s finding of gross neglect of duty.”
Section 737.15, Revised Code, provides:
“Each village shall have a marshal, designated chief of police, appointed by the mayor with the advice and consent of the legislative authority of the village, who is an elector thereof, and who shall continue in office until removed therefrom as provided by Sections 733.35 to 733.39, inclusive, of the Revised Code. In case of the removal of a marshal or chief of police of a village, an appeal may be had from the decision of the legislative authority to the Court of Common Pleas to determine the sufficiency of the cause of removal. Such appeal shall be taken within ten days from the finding of such legislative authority.” (Emphasis supplied.)
Although the appeal here was not taken for 34 days, it is noted that the decision of the Court of Common Pleas states that “it was agreed that the proceedings in this court had been properly filed and that the same was before this court for review.”
Section 733.35, Revised Code, provides:
“The mayor of a municipal corporation shall have general supervision over each department and the officers provided for in Title VII of the Revised Code. When the mayor lias reason to believe that the head of a department or such officer has been guilty, in the performance of his official duty, of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty, gross immorality, or habitual drunkenness, he shall immediately file with the legislative authority, except when the removal of such head of department or officer is otherwise provided for, written charges against such person, setting forth in detail a statement of such alleged guilt, and, at the same time, or as soon thereafter as possible, serve a true copy of such charges upon the person against whom they are made. * * *”
*183 Section 733.36, Revised Code, provides:
“Charges filed with the legislative authority under Section 733.35 of the Revised Code, shall be heard at the next regular meeting thereof, unless the legislative authority extends the time for the hearing, which shall be' done only on the application of the accused. The accused may appear in person and by counsel, examine all witnesses, and answer all charges against him. The judgment or action of the legislative authority shall be final, but to remove such officer the votes of two thirds of all members elected thereto shall be required.”
The appeal to the court is limited in scope by reason of the language in Section 737.15, supra, “to determine the sufficiency of the cause of removal.” The trial court here found that as to three of the charges there was substantial and credible evidence in support thereof, dismissing the remainder as being either too remote in time, unsubstantial or unsupported by substantial evidence.
In the case of State, ex rel. Vogt, v. Donahey, Governor, 108 Ohio St., 440, 140 N. E., 609, the court in a per curiam opinion stated:
“•While, were the .duty imposed upon this court to weigh the evidence and try the facts in this cause, we would hesitate to convict upon the quantum of proof, the Legislature having made the judgment of the Governor final we can but determine whether there was any evidence tending to support the judgment. We are unable to say there was no evidence tending to support the finding that the relator was guilty of nonfeasance in office, and gross and willful neglect of duty in office, in that he did not enforce or in good faith try to enforce the laws.”
In the case of Sorge v. Sutton, Jr., Dir., 159 Ohio St., 574, 113 N. E. (2d), 10, the syllabus is as follows:
“1. The word, ‘appeal,’ has no conclusive meaning, and where by statute there is given a right of ‘appeal’ to a designated court from an order or decision of an administrative agency, it is necessary to examine the context of the statute to determine the powers and functions of such court on the appeal.
“2. Under Section 486-17o, General Code, the ‘appeal’ from a decision of a municipal civil service commission to the Court of Common Pleas, ‘to determine the sufficiency of the *184 cause of removal,’ accorded members of police and fire departments in the classified civil service contemplates only a review of the proceedings before the commission as to their legality and regularity and to determine the sufficiency of the cause of removal, and not a trial de novo.”
In the case of In re Koellner, 160 Ohio St., 504, 117 N. E. (2d), 169, an appeal was taken by a police captain from the action of a municipal civil service commission. The appeal was heard de novo by the Court of Common Pleas which reversed the order of the civil service commission. The Court of Appeals affirmed the trial court, which judgment was reversed by this court, the syllabus holding in part:
“1. Under Section 486-17a, General Code (Section 143.27, Revised Code), a police captain, who appeals to the Court of Common Pleas from a decision of a civil service commission demoting him to the rank of detective, is not entitled to a hearing de novo in the Court of Common Pleas. (Sorge v. Sutton, Jr., Dir., 159 Ohio St., 574, approved and followed.)
“2. In such an appeal, it is reversible error for the court to conduct a hearing de novo and substitute its judgment for that of the commission, where there is ample evidence in the record of the hearing before the commission to justify its decision of demotion.”
Until November 2, 1959, Section 143.27, Revised Code (formerly Section 486-17a, General Code), contained the same language as is now in Section 737.15, .Revised Code, i. e., “to determine the sufficiency of the cause of removal.”
In the case of Kearns v. Sherrill, City Mgr., 137 Ohio St., 468, 30 N. E. (2d), 805, paragraph two of the syllabus states:
“The. jurisdiction of the Court of Common Pleas in such case is special and limited, by the terms of the statute, ‘to determine the sufficiency of the cause of removal.’ Where facts which constitute ‘sufficiency of the cause of removal’ are established by the evidence and found by the court, the trial judge may not arbitrarily reinstate such officer to his position and restore his emoluments of office from the date of his discharge on the ground that in his opinion the punishment prescribed is too severe and he is without authority to modify it.”
In that case the Court of Common Pleas reversed the order *185 of removal of a police officer by the municipal civil service commission, which judgment was in turn reversed by the Court of Appeals. This court affirmed the judgment of the Court of Appeals. In the body of the opinion, Matthias, J., stated:
“Had it been intended by the lawmaking branch of the government that the Common Pleas Court should act as if ‘sitting as the entire civil service commission and also as the city manager, ’ as apparently was assumed by the common pleas judge hearing the appeal, the Legislature undoubtedly would have found it possible to employ language conferring such broad power. The cause of removal, sleeping while on duty, failing to properly patrol his beat and being under the influence of liquor while in uniform and on duty, was found by the Common Pleas Court to have been established by the evidence. Its findings were made a part of the bill of exceptions. The court, however, indicated an opinion, based upon considerations the validity of which may well be questioned, that the penalty of discharge was too severe, and expressed a desire to extend leniency through some form of modification of the penalty imposed by the civil service commission. However, being precluded therefrom by the holding of this court in the case of Hawkins v. City of Steubenville, 134 Ohio St., 468, 17 N. E. (2d), 641, the trial court concluded to disaffirm entirely the order of the civil service commission on the ground that ‘there was not sufficient cause for the removal of William II. Kearns from his position as patrolman,’ and rather arbitrarily ordered his restoration to his position as of the date of his discharge, which constitutes a complete exoneration.
“The judgment announced is entirely unwarranted by the facts established by the evidence and found by the court. It was properly reversed by the Court of Appeals, and its judgment of reversal is affirmed.”
The Court of Appeals, in the instant case, said that a question for determination is, “have such charges been proven by probative and credible evidence in a clear and convincing manner.” Just before that statement in its opinion, it said: “The drastic remedy of removal proceedings is recognized in the degree of proof required. In the case of In re Diehl, 47 Ohio App., 17, it is held, ‘removal statutes are to be considered *186 strictly and, to warrant removal of an officer, the evidence must be clear and convincing.’ ”
The Diehl case originated in the Court of Appeals for Stark County.
In McMillen v. Diehl, Judge, 128 Ohio St., 212, 190 N. E., 567, this court, in a per curiam opinion, affirmed the judgment of that Court of Appeals. That is the only- opinion of this court in which one can find support for a rule requiring clear and convincing evidence in the removal of an incumbent from office, but that case involved the attempted removal of a judge from the Court of Common Pleas, where a method of removal is provided entirely different from that for the removal of a village police officer. Examination of that opinion, however, shows that it seems to hinge entirely on the absolute findings of fact by the Court of Appeals, which was the trial court in that case, rather than on acquiescence with that court’s ruling requiring clear and convincing evidence. In its conclusions, this court stated:
“* * * The appellate court had one advantage we do not possess. It was confronted with witnesses, face to face.
“ * * * But the appellate court found as. a fact that there was an absolute and complete failure of proof that the borrowing from any of the lawyers affected the attitude or judicial conduct of the judge during any terms of his office; and ‘that there is no proof of any kind of favoritism or discrimination shown by him as a result of these transactions, and that the evidence produced all tends to show to the contrary.’ The Court of Appeals also found that there was a complete failure of proof that any of the borrowing from the several banks and persons other than lawyers ‘in.any manner affected in any way the attitude of the judicial conduct of the said Edwin W. Diehl.’
“In view of the extensive testimony taken in this case, and the explicit findings of the Court of Appeals upon the main issues in favor of the incumbent, the majority of this court are disinclined to reverse the judgment' of the Court of Appeals lolely upon the question of fact. For that reason the judgment x's affirmed.”
In view of the foregoing, we do not consider that case applicable here.
*187 Considering again specification one under the charge of misconduct, the Court of Appeals here stated in its opinion that “we know of no constitutional or statutory provision that would authorize the mayor to prohibit the marshal from proper political activity. There is no evidence of any improper conduct by the marshal in this respect.” Yet, it also found — just before making that statement — that “the evidence shows that the marshal circulated the petition of two candidates for village council in the November election, 1957.” This finding certainly supports specification one of the charge of misconduct.
While it is recognized that village police employees are not within the scope of the civil service laws, nevertheless, we should not overlook the intent of the Legislature relative to classified public employees, as it is expressed in Section 143.41, Revised Code, that “* * * nor shall any officer or employee in the classified service of the state, the several counties, cities, and city school districts thereof # * # take part in politics other than to vote as he pleases and to express freely his political opinions.”
In the case of Heidtman v. City of Shaker Heights, 163 Ohio St., 109, 126 N. E. (2d), 138, it was held in paragraph two of the syllabus:
“The word, ‘politics,’ as used in Section 486-23, General Code (Section 143.41, Revised Code), must be defined as politics in its narrower partisan sense, and activities of municipal employees in the classified service in circulating an initiative petition seeking enactment of an ordinance relating to their employment do not constitute a taking part in politics as that term is used in such section.”
By analogy with the above decision are we to assume that the circulation of petitions for candidates to the village council constitutes “proper political activity?” We do not think so, and the finding by the Court of Appeals that the marshal did circulate two such petitions refutes of itself the conclusion that “there is no evidence of any improper conduct by the marshal in this respect. ’ ’
As to the duty of the Common Pleas Court to determine the sufficiency of the cause of removal, we find the phrase, “cause” or “sufficient cause,” discussed at length in the case of State, ex rel. Rockwell, v. State Board of Education (1942), 213 Minn., 184, 197, 6 N. W. (2d), 251, 143 A. L. R., 503:
*188 “With the statutory definition of ‘cause’ for removal eliminated, we must test the right to remove relator under the accepted definitions of ‘cause’ or ‘insufficient cause,’ if there be, in fact, any distinction between these general terms and the specific language used in the repealed statute. We fail to see any material difference, because it is well recognized that even' where the statute specifies the ground for removal in the shorter and perhaps broader terms ‘cause’ or ‘sufficient cause,’ such cause ‘must be one which specially relates to and affects the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public,’ before a removal is justified. State, ex rel. Hart v. Common Council, 53 Minn., 238, 244, 55 N. W., 118, 39 Am. St. Rep., 595, supra.”
In the Hart case (1893), supra, involving the removal of five commissioners “for sufficient cause,” the following excerpt from the opinion by Mitchell, J., at page 242, is pertinent:
“* * * the evidence may be brought up, not for the purpose of weighing it, to ascertain the preponderance, but merely to ascertain whether there was any evidence at all to sustain the decision of the inferior tribunal — whether it furnished any legal and substantial basis for the decision.”
Those views are persuasive here as to the duty and function not only of the trial court but also of the Court of Appeals on review. They also accord with the decisions of this court cited supra.
Section 733.36, Revised Code, does not require the council to do more than determine the sufficiency of the charges and the preponderance of the evidence, although the Legislature has imposed the further requirement of a two-thirds vote for removal.
The trial court stated in its opinion that “this court must determine whether or not there were substantial charges and credible evidence in support of the same,” which statement this court approves. The ruling of the Court of Appeals that clear and convincing evidence is required was, therefore, error. The finding by the Court of Appeals that the conduct of Walker relative to the use of radar and the filing of proper reports was simple neglect rather than gross neglect is simply the substitu *189 tion by the court of its views for those of the village council, a practice which was frowned on by this court in the case of Kearns v. Sherrill, supra. The further conclusions that “all the specific charges are trivial in nature and not sufficient in character to warrant the removal of the marshal” and that “none of the alleged charges involved the integrity, honesty, morality or capacity of” the marshal come under the same category.
Our conclusion, therefore, is as stated in the syllabus herein, and, accordingly, the judgment of the Court of Appeals is reversed and the judgment of the Court of Common Pleas is affirmed.

Judgment reversed.

Weygandt/C. J., Zimmerman, Tart, Matthias, Bell and Peck, JJ., concur.