THE STATE, EX REL. JEDLICKA, *v.* BOARD OF ELECTIONS OF CUYAHOGA COUNTY ET AL.

[Cite as State, ex rel. Jedlicka, v. Bd. of Elections, 20 Ohio St. 2d 13.]

(No. 69-585—Decided October 15, 1969.)

*Messrs. Mandanici, Domiano, Crosley, Easa & Nuccio,* for relator.
*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Paul W. Brown,* attorney general, for respondents.

SCHNEIDER, J. Relator seeks to compel respondents to place his name on the November ballot as a candidate for mayor of Seven Hills.

The board of elections determined that relator had failed to file a statement of expenses as required by Section 3517.10, Revised Code, when he was a candidate in 1965, and was thus disqualified to be a candidate for a five-year period under the provisions of Section 3517.11, Revised Code.

Relator contends that he was excused from filing such statement because the board failed to perform its duty under Section 3517.11, Revised Code, to send him notice that a statement of expenses was required.

Section 3517.10, Revised Code, reads in part as follows:

"Every candidate . . . who . . . received, or expended, directly or indirectly, any money or things of value in connection with the nomination or election of any candidate at any election held in this state, shall . . . file a full, true, and itemized statement . . . setting forth in detail the moneys or things of value so . . . received, or expended, the names of the persons from whom received and to whom paid, and the object or purpose for which expended. . . ."

This statute imposes a duty on every candidate to file a statement of receipts and expenses. That duty is explicit. It is not conditioned upon receiving the notice from the board that the duty exists. Therefore, the failure of the board to notify relator does not excuse him from his requirement to file his statement of receipts and expenses.

Relator urges further that the deprivation of the right to be a candidate for five years for the failure to file the statement is an unreasonable penalty.

Relator admits that the General Asembly has the right, in the exercise of the police power, to impose a penalty, but contends that the penalty involved in this case unreasonably interferes with his right to hold public office.

"The right to hold [public] office is not a natural right or a necessary incident of citizenship, but depends upon compliance with the law and is subject to legislative control and regulation. . . ." *State, ex rel. Braverman,* v. *Vitullo,* 150 Ohio St. 289, 291.

The imposition of a five-year disqualification penalty for failure to file a statement of receipts and expenses does not impinge upon a fundamental right secured by the Constitution, nor is it so grossly unreasonable as to subject it to judicial interference. See *In re Coppola,* 155 Ohio St. 329.

*Writ denied.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, DUNCAN and CORRIGAN, JJ., concur.