THE STATE, EX REL. LUKENS, *v.* BROWN, SECRETARY OF
STATE, ET AL.

(No. 73-162—Decided June 20, 1973.)

258

*Mr. John S. Zonak* and *Mr. Byron Vickery*, for relator.

*Mr. William J. Brown*, attorney general, and *Mr. Thomas V. Martin*, for respondents.

*Per Curiam*, R. C. 3517.11 reads, as follows:

"* * * Failure of any candidate to file a statement *within the time prescribed by Section 3517.10* of the Revised Code shall disqualify said person from becoming a candidate in any future election for a period of five years * * *." (Emphasis added.)

The intent of the General Assembly in the enactment of R. C. 3517.11 is clear, and the language is unambiguous.

The relator's sole claim that the statute violates the provisions of the Ohio Constitution fails when judged by this court's holding in *State, ex rel. Dickman*, v. *Defenbacher* (1955), 164 Ohio St. 142, which states that the presumption of constitutionality which exists in favor of a legislative enactment may be overcome only when it is shown "beyond a reasonable doubt that the legislation and [state] constitutional provisions are clearly incompatible." No such showing has been made and no such incompatible constitutional provision has been called to our attention.

In the same vein, it has been asserted that "the legislative power of the state is vested in the General Assembly, and whatever limitation is placed upon the exercise of that plenary grant of power must be found in clear prohibition by the Constitution * * *. If the constitutionality of the law is involved in doubt, that doubt must be resolved in favor of the legislative power." *State, ex rel. Jackman,*

v. *Court of Common Pleas* (1967), 9 Ohio St. 2d 159, 162, quoting from *State, ex rel.,* v. *Jones* (1894), 51 Ohio St. 492.

Two cases from this court specifically involving disqualification are dispositive of the position argued by relator. The first of these is *State, ex rel. Jedlicka,* v. *Bd. of Elections* (1969), 20 Ohio St. 2d 13, in which the candidate was disqualified for failure to file an expense statement. Jedlicka's suit claiming abuse of discretion and constitutional invalidity of the statutory penalty of disqualification was rejected. See, also, *In re Coppola* (1951), 155 Ohio St. 329.

In view of the foregoing, the statute and its penalty must be again validated and the writ must be denied.

*Writ denied.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.