76

TIEFEL ET AL. *v.* GILLIGAN, GOVERNOR ET AL.

[Cite as Tiefel v. Gilligan (1973), 41 Ohio Misc. 76.]

(No. 73CV-05-1547—Decided October 16, 1973.)

Court of Common Pleas, Franklin County, Ohio.

*Mr. Richard H. Slemer*, for plaintiffs.
*Mr. William J. Brown*, attorney general, *Mr. Thomas V. Martin, Mr. George C. Smith*, prosecuting attorney, and *Mr. James J. Hughes*, city attorney, for defendants.

WILLIAMS, J. This matter comes on for decision on a motion for summary judgment filed by defendants, together with memoranda and "exhibits of defendants." Plaintiffs were granted leave to file briefs contra to the motion on or before July 31, 1973, and, as of this date, plaintiffs have failed to do so.

The Ohio income tax, R. C. Chapter 5747, herein referred to as the Income Tax, was enacted by the General Assembly, effective December 20, 1971. It imposes a tax on every individual residing in or earning or receiving income in this state from and after January 1, 1972.

Plaintiffs are husbands and wives who have paid the tax under protest. They bring this action on behalf of the class of all persons who reside in or earn income in the state and on behalf of the subclass of all married persons who elect to file a joint federal income tax return for the tax year. Plaintiffs challenge the validity of the Income Tax and different sections thereof on several grounds.

Plaintiffs seek a declaratory judgment that the Income Tax is unconstitutional; a permanent injunction restraining defendant Tax Commissioner from enforcing the pro-

visions of the Income Tax; a refund of all taxes collected; and damages from each of the defendants.

Specifically, plaintiffs ask that the following Code sections be declared unconstitutional and void:

(1) R. C. 5747.01(A), or in the alternative, R. C. 5707.03(A) and 5707.04(A);

(2) R. C. 5747.21;

(3) R. C. Chapter 5747, as it is being administered and enforced;

(4) R. C. Chapter 2723 (also plaintiffs' claim this chapter to be violative of the Rules of Civil Procedure);

(5) R. C. 5703.38 and 5703.39.

The court will rule upon the questions raised in the above order insofar as is possible. However, several of the questions are so intermingled as to be difficult to distinguish individually.

(1) R. C. 5747.01(A), 5707.03(A) and 5707.04(A) are constitutionally valid.

Persons subject to the Income Tax are not subject to the tax imposed by R. C. 5707.03. Only individuals or natural persons are subject to the income tax. See R. C. 5747.02 and 5747.01(H). Individuals are not subject to the tax imposed by R. C. 5707.03. That tax is imposed upon property on the intangible property list in the office of the Auditor of State. Only the property of entities set forth in R. C. 5725.06 are shown on that list.

Intangible property of individuals is shown on the intangible property list in the offices of the county auditors. Such property is subject to the tax imposed by R. C. 5707.-04. The Income Tax excludes income or income yield which is subject to that tax. See R. C. 5747.01. There is therefore no possibility of double taxation.

Even if such income were not excluded from the Income Tax, there would be no double taxation in the legal sense of that phrase. In order to constitute double taxation, both taxes must be of the same kind or character. The tax imposed by R. C. 5707.03 and 5707.04 are not taxes levied on income, but are taxes levied directly on the property. *Smilack* v. *Bowers* (1958), 167 Ohio St. 216, 218. A tax on property and a tax on the income therefrom is

permissible. See 84 Corpus Juris Secundum 147, Taxation, Section 51.

The fact that the intangible property tax imposes a rate different from that of the Income Tax does not mean that either tax is invalid. In Ohio, only real property is required to be assessed by uniform rule. *State, ex rel. Struble,* v. *Davis* (1937), 132 Ohio St. 555. Defendants recognize that the General Assembly in enacting a tax must comply with the equal protection clause of the Fourteenth Amendment. However, that clause does not impose any iron rule of equality. It clearly does not require a state to impose the same rate for all taxes which it is authorized to enact. See, *e. g., Allied Stores of Ohio* v. *Bowers* (1959), 358 U. S. 522, 526-527. The General Assembly may properly impose an intangible property tax at a rate different from the Income Tax. Cf. *Continental Can Co.* v. *Donahue* (1966), 5 Ohio St. 2d 224.

(2) R. C. 5747.21, is constitutionally valid.

R. C. 5747.21, provides a formula for allocation of business income to this state. This section does not create a conclusive presumption. R. C. 5747.21(D) provides that if the allocation provisions do not fairly represent the extent of business activity within the state, a taxpayer may use any other method which will ''effectuate an equitable allocation of such business in this state.''

In addition, the use of a formula to determine business done within the state is permissible so long as it is reasonable and is based upon some uniform, fair and practical standard. *International Harvester Co.* v. *Evatt* (1947), 329 U. S. 416; Cf., *Evansville Vanderburgh A. A. Dist.* v. *Delta Airlines* (1972), 405 U. S. 707.

(3) R. C. Chapter 5747, is constitutionally valid and is being administered and enforced in a constitutionally valid manner.

Plaintiffs' claim   that R. C. Chapter 5747 imposes a capitation (poll) tax in violation of the express prohibition contained in Section 1, Article XII of the Ohio Constitution.

A poll tax is a tax upon the privilege of being. It is a sum levied upon persons without regard to property,

occupation, income or ability to pay. The Income Tax is not a level assessment against all persons. It is based upon earnings or income. It is, therefore, not a poll tax. *Marion Foundry Co.* v. *Landers* (1925), 112 Ohio St. 166, 173-174.

The Income Tax is a graduated tax and is not levied at a fixed amount and level rate. However, such a tax is expressly permitted by Section 8 of Article XII of the Ohio Constitution.

R. C. 5747.08(E), provides, in substance, that a husband and wife who file a joint federal income tax return for the year shall file a joint Ohio income tax return.

Plaintiffs claim that this section discriminates against married persons who earn separate incomes and elect to file a joint federal income tax return. Even if plaintiffs' claim were true, it would not be a sufficient basis to find that the statute is unconstitutional.

Every duly enacted statute is presumed to be constitutional. In order to overcome this presumption the person challenging the validity of the statute must establish beyond a reasonable doubt that the legislation and some constitutional provision are clearly incompatible. *State, ex rel. Lukens,* v. *Brown* (1973), 34 Ohio St. 2d 257; paragraph one of the syllabus in *State, ex rel. Dickman,* v. *Defenbacher* (1955), 164 Ohio St. 142; *State, ex rel. Jackman,* v. *Court of Common Pleas* (1967), 9 Ohio St. 2d 159, 162.

This presumption of validity is even stronger where the statute involves taxation. Such statutes are entitled to special deference. The Legislature is given broad discretion and large leeway in making classifications and drawing lines which in its judgment produce a reasonable system of taxation. *Lehnhausen* v. *Lake Shore Auto Parts Co.* (1973), U. S. , 93 S. Ct. 1001; *Madden* v. *Kentucky* (1940), 309 U. S. 83, 88; *Clark* v. *Cincinnati* (1954), 99 Ohio App. 152, 156, affirmed, 163 Ohio St. 532.

The Legislature may properly draw lines which treat one class of individuals or entities differently from others. The fact that a statute discriminates against or in favor of a certain class does not mean that it is invalid. No scheme of taxation has yet been devised which is free

from all discriminatory impact. *San Antonio Ind. School Dist.* v. *Rodriguez* (1973), U. S. , 93 S. Ct. 1278, 1301; *Allied Stores of Ohio* v. *Bowers, supra* (358 U. S. 522, 528). To establish that a statute is invalid it is not sufficient for a person to show that it discriminates against him. He must also show that the discrimination is "invidious or palpably arbitrary." *Lehnhausen* v. *Lake Shore Auto Parts Co., supra* (93 S. Ct. 1001) (equal protection); *Railway Express* v. *Virginia*, 358 U. S. 434, 436 (due process).

In order to sustain his burden the person challenging the statute must negative every conceivable basis which might support the classification.

" 'A state legislature, in the enactment of laws, has the widest possible latitude within the limits of the Constitution. In the nature of the case it cannot record a complete catalogue of the considerations which move its members to enact laws. In the absence of such a record courts cannot assume that its action is capricious, or that, with its informed acquaintance with local conditions to which the legislation is to be applied, it was not aware of facts which afford reasonable basis for its action. Only by faithful adherence to this guiding principle of judicial review of legislation is it possible to preserve to the legislative branch its rightful independence and its ability to function.' " *Lehnhausen* v. *Lake Shore Auto Parts Co., supra* (93 S. Ct., at 1006), quoting from *Carmichael* v. *Southern Coal Co.* (1937), 301 U. S. 495, 510.

The decisions of the Ohio Supreme Court and the United States Supreme Court establish that the legislative judgment is entitled to substantial deference. The basis for the distinction need not be substantial. The courts have sustained classifications which distinguished between the following classes: Individuals and corporations (*Lehnhausen* v. *Lake Shore Auto Parts Co., supra*, 93 S Ct. 1001, bank deposits within the state and those outside the state); (*Madden* v. *Kentucky, supra*, 309 U. S. 83); public utilities and other corporations (*Rapid Transit Co.* v. *New York* (1938), 303 U. S. 573; net profits of business and wages, salaries or other compensation of em-

ployees (*Clark* v. *Cincinnati, supra*, 163 Ohio St. 532).

The statute involved herein distinguishes between persons who have filed joint federal income tax returns and those who have filed individual returns. There is nothing in the allegations contained in the complaint which would justify a finding that such a classification is "palpably arbitrary" or constitutes "invidious discrimination." Husbands and wives who voluntarily elect to be treated as an economic unit for federal income tax purposes cannot properly claim a deprivation of constitutional rights because they are treated similarly for state income tax purposes.

The writer of this decision fell into the class who filed joint federal returns without income by the spouse. Nevertheless, no claim can be substantiated that constitutional rights have been violated.

Plaintiffs rely upon *Hoeper* v. *Tax Comm. of Wisconsin* (1931), 284 U. S. 206, to support their claim that R. C. 5747.08 is unconstitutional. In that case, the Wisconsin statute authorized the assessor of income to compute the tax based on the combined incomes of the husband, wife and any child under eighteen years of age. *The taxes levied on such incomes were required to be paid by the husband. The taxpayer had no option.* The assessor of income could assess the tax on the combined incomes even if the taxpayers had filed separate returns. The majority of the court held that it was a denial of due process for the state to measure the tax on one person's income by reference to the income of another.

*Hoeper* is readily distinguishable from the instant case. The Ohio statute creates no conclusive presumption as to tax liability. Defendant Tax Commissioner has no authority to combine the incomes of husbands and wives who file separate returns. The Ohio statute does not measure the tax on anyone's income by reference to the income of another. There is therefore no basis to claim that anyone has been deprived of his property without due process.

The United States Supreme Court, in *Fox* v. *Norberg* (1973),    U. S.    , 41 L. W. 3400, 3526, held that similar claims based upon a similar statute raised no substantial

constitutional question. The Rhode Island statute involved imposed an investment tax upon the investment income of every resident. If the federal income tax liability of a husband and wife were determined on a joint federal return, the husband and wife were required to file a joint investment tax return. Section 44-28-1(a) and Section 44-28-11(b)(2) of the General Laws of Rhode Island. Appellants were a husband and wife who had received separate investment income. The tax computed on their combined income was approximately double the tax computed on their separate incomes. Appellants claimed that the husband was being taxed upon the income of his wife. They also claimed that the statute was in conflict with the Married Women's Act, Section 15-4-1 of the General Laws of Rhode Island.

The Supreme Court of Rhode Island dismissed the appeal on the ground that judicial review of decisions of the Tax Administrator by the Superior Court was the exclusive remedy available as of right and subsequently denied a motion for leave to file a petition for certiorari.

In denying certiorari, the Supreme Court of Rhode Island, in effect, confirmed the merit findings of the Superior Court.

The Superior Court had upheld the decision of the Tax Administrator. It distinguished the *Hoeper* case as follows:

"The Rhode Island statute differs materially from the Wisconsin one held invalid in *Hoeper.* The husband is not taxed on income of his wife under the Rhode Island statute. For administrative convenience in enforcement and collection by the state, using information available from federal tax returns, husbands and wives are required by Rhode Island law to file their investment tax return on the same basis as they file their federal income tax return. If they file separate federal returns, they must file separate state returns. If they file joint federal returns, they must file joint investment tax return. In either case, the election is theirs and the control is theirs; they may do whichever they think best. This is far different from the situation in Wisconsin where the statute places the primary tax

liability on the husband, without respect to whether the income belongs to him or his wife."

In the United States Supreme Court, appellants claimed that the Rhode Island statute, as applied to their combined investment income, violated the due process and equal protection clauses of the Fourteenth Amendment. The Supreme Court held that the case presented no substantial constitutional question and dismissed the appeal.

The dismissal by the Supreme Court is a decision on the merits and may be relied upon by lower courts as precedent. See, *e. g., Whitney Stores* v. *Summerford* (D. C. S. Car. 1968), 280 F. Supp. 406, 410, affirmed, 393 U. S. 9; *Heaney* v. *Allen* (C. A. 2, 1970), 425 F. 2d 869, 870, 871; *Hall* v. *Thornton* (C. A. 4, 1971), 445 F. 2d 834, 835; *Ahearn* v. *Murphy* (C. A. 7, 1972), 457 F. 2d 363, 364-365; note, 52 Boston U. L. Rev. 373, 419.

A similar statute was involved in *D'Imperio* v. *Secretary of Treasury* (C. A. 1, 1955), 223 F. 2d 413. It provided that if a husband and wife living together have an income for the tax year over a specified amount, the total income of both should be included in a single joint return and the tax should be computed on the aggregate income. Plaintiffs in that case had entered into an antenuptial agreement which provided for a complete separation of all their respective property. Such an agreement was valid under local law and effected a complete separation not only of property but also of income. Plaintiff argued that to require him to pay a tax on the combined income is to require him to pay a tax measured on the income of another. The court distinguished the *Hoeper* case and upheld the validity of the statute.

(4) R. C. Chapter 2723 is constitutionally valid and is not violative of the Rules of Civil Procedure.

This chapter sets forth the right of injunctive relief to taxpayers and the procedures for recovery of illegal taxes or assessments.

Strangely enough, plaintiffs claim that this chapter of the Code does not afford them a "plain, speedy and efficient" remedy, but at the same time invoke the jurisdiction of the court by virtue of its provisions.

The complaint in this matter was filed on May 4, 1973. Hearing on the merits of the preliminary injunction was held. Nothing pending before this court could have been more plain, speedy or efficient. The fact that the court denied an injunction does not make the chapter unconstitutional.

Rule 1, Ohio Rules of Civil Procedure, reads, in part, as follows:

"(A) Applicability. These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.

"(B) Construction. These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expenses and all other impediments to the expeditious administration of justice.

"(C) Exceptions. These rules, to the extent that specific procedure is provided by law or to the extent that these rules would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) *in all other special statutory proceedings*; provided that where any statute, other than Section 2945.54, Revised Code, relating to criminal discovery, provides for procedure by a general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules." (Emphasis added.)

This is a proceeding established by statute and the statute will prevail when different from the rules.

(5) R. C. 5703.38 and 5703.39 are constitutionally valid.

Although not ruling on the constitutionality of R. C. 5703.38, our Supreme Court in a unanimous decision invoked and approved its provisions in *Torbet* v. *Kilgore* (1966), 6 Ohio St. 2d 42 . The first three paragraphs of the syllabus read as follows:

"1. Section 5703.38, Revised Code, prohibits an injunction that will suspend or stay any order, determination or decision of the Tax Commissioner.

"2. A judgment enjoining the Tax Commissioner from collecting any personal property tax or penalty for a particular year on certain shares of stock is in effect one sus-

pending or staying an order, determination, or direction of the Department of Taxation and is prohibited by Section 5703.38, Revised Code.

"3. The specific provisions against an injunction in Section 5703.38, Revised Code, limit the general authority of the Common Pleas Court, that is provided for in Section 2723.01, Revised Code, to render an injunction against an illegal levy or collection of taxes and assessments."

From this invocation and approval, it is clear that the Ohio Supreme Court has carefully considered this section of the Code.

Its purpose is obvious. To permit the use of unrestricted injunctive powers against the taxing authorities of the state might well result in a complete collapse of the state government fiscally.

R. C. 5703.39 merely gives the Department of Taxation additional remedies for the prevention and violation of the laws and valid orders which the department is required to administer. There is certainly nothing discriminatory in granting to the Department of Taxation those remedies which are available to all departments of government and to all citizens of the state.

The facts in this case are undisputed. The plaintiffs have complied with all the statutory and procedural requirements necessary for maintaining their action. The defendants have all proceeded in the manner specified under the various sections of the Code as they pertain to this case.

The statutory basis for a summary judgment is found in R. C. 2311.041. The section provides that summary judgment shall be rendered if the evidence filed shows:

"* * * that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * [and] that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made."

Both of these criteria have been met by defendants.

Summary judgment is, therefore, granted in favor of defendants at plaintiffs' costs.

A journal entry shall be filed by defendants reflecting these findings in accordance with Rule 39.01 of this court.