**Donald E. LUKENS, Plaintiff,**

v.

**Ted W. BROWN, Secretary of State, State of Ohio, Defendant.**

**Civ. No. 73–361.**

United States District Court, S. D. Ohio, E. D.

Jan. 3, 1974.

John S. Zonak, Zonak, Poulos & Simon, Byron Vickery, Cassidy & Lamkin, Columbus, Ohio, for plaintiff.

Nicholas R. Curci, Asst. Atty. Gen. of Ohio, Columbus, Ohio, for defendant.

Before PECK, Circuit Judge, KINNEARY, Chief District Judge, and RUBIN, District Judge.

### ORDER

This matter is for disposition before a Three Judge Court designated and convened in accordance with 28 U.S.C. § 2284 (1970). Plaintiff asserts the unconstitutionality of a statute of the State of Ohio and jurisdiction lies by way of 28 U.S.C. §§ 1343, 2201 (1970). By agreement of the parties, this matter has been submitted for final disposition upon an agreed statement of facts and upon briefs heretofore filed.

The pertinent portions of Ohio Rev. Code § 3517.10 provide as follows:

. . . Every candidate . . . who . . . receives any money or things of value in connection with the nomination or election of any candidate at any election held in this State shall not later than 4:00 p.m. of the forty-fifth day after such election file a full, true, and itemized statement . . . setting forth in detail the money or things of value so . . . received or expended . . .

. . . [C]andidates who did not receive or expend directly or indirectly any money or things of value in connection with their nomination or election shall not later than 4:00 p.m. of the forty-fifth day after such election file a statement to that effect . . .

Ohio Rev.Code § 3517.11 provides a penalty for failure to comply with § 3517.10. This section reads in part:

. . . Failure of any candidate to file a statement within the time prescribed by § 3517.10 of the Ohio Revised Code shall disqualify said person from becoming a candidate in any future election for a period of five years, except candidates for an elected office having a six-year term who shall be disqualified from becoming a candidate in any future election for a period of seven years.

Plaintiff's challenge to § 3517.10 was precipitated by the following circumstances:

Donald E. Lukens, plaintiff, was elected to the office of state senator from the 4th Senatorial District[1] at the general election of November 7, 1972. He failed to file either a sworn statement covering campaign receipts and expenditures or a sworn statement that he had no such receipts or expenditures within forty-five days of that election pursuant to Ohio Rev.Code § 3517.10. The required statement was not filed until January 3, 1973.

On August 29, 1973, plaintiff attempted to file with defendant a Declaration of Candidacy and Petition of Candidate for Nomination at the primary election to be held May 7, 1974. He sought to be a candidate of the Republican Party for the office of United States Senator from Ohio for the full term commencing January 3, 1975. The parties have stipulated and the Court does accordingly find that all steps necessary to be taken in order to file a Declaration of Candidacy were taken by plaintiff prior to August 29, 1973.

---

1. The *Fourth* Senatorial District covers Butler, Preble and Miami counties. The statement required in § 3517.10 was to be filed with the Board of Elections of Butler County.

Defendant refused to accept plaintiff's Declaration of Candidacy and Petition for Nomination since the Board of Elections of Butler County, Ohio, had certified to defendant that plaintiff had failed to file the statement of expenditures required by § 3517.10 prior to 4:00 p. m. on December 22, 1972. Defendant asserts that the failure to comply with § 3517.10 automatically activates the penalties in § 3517.11 and requires him to reject plaintiff's Declaration and Petition.

Plaintiff asserts that Ohio Rev. Code § 3517.10 and § 3517.11 violate Article I, section 5 of the United States Constitution and the First and Fourteenth Amendments thereof.

■ We disagree and hold that Ohio Rev. Code § 3517.10 and § 3517.11 comply with both the letter and spirit of the Constitution of the United States.

Article I of the United States Constitution provides for the election of a national legislature. The Seventeenth Amendment to the United States Constitution, ratified May 31, 1913, made effective Section 3 of Article I which provides:

. . . The Senate of the United States shall be composed of two Senators from each State elected by the people thereof for six years and each Senator shall have one vote. The electors in each State shall have the qualifications requisite for electors of the most numerous branch of the State legislatures . . . No person shall be a Senator who shall not have attained to the Age of thirty Years and been nine Years a Citizen of the United States and who shall not when elected be an inhabitant of that State for which he shall be chosen . . .[2]

Section 4 of Article I reads in part:

. . . The time, places and manner of holding Elections for Senators and Representatives shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations except as to the places of choosing Senators . . .

It is against these provisions that plaintiff's assertions must be tested. His basic argument seems to be that the statutes in question deny plaintiff and the voters of Ohio the right of political expression and specifically denies the right of a voter to cast a ballot for the candidate of his choice. Although the unfettered right of the American people to vote freely and effectively is absolutely fundamental to our republic, the rights of plaintiff and those who wish to vote for him are not altogether unlimited.

Any person wishing to become a United States Senator from any state must meet at least three qualifications: (1) The candidate must be thirty years of age; (2) She or he must have been a citizen of the United States for nine years; and (3) She or he must, when elected, be an inhabitant of the state to be represented. It is true that courts have uniformly upheld the widest possible selection of candidates for the electorate and the greatest possible latitude in permitting candidates to run. Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964); Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968); Carrington v. Rash, 380 U.S. 89, 85 S.Ct. 775, 13 L.Ed.2d 675 (1965).

The instant plaintiff could, for example, equally espouse his arguments in seeking to run for senator from the State of Indiana, but the plain and obvious response would be that, as a non-resident of Indiana, his election would violate Article I, section 3.

In addition to the above-mentioned three prerequisites for becoming a United States Senator, an aspirant must meet a number of other mechanical requirements in order to be placed upon

---

**2.** Section 3 had originally provided in part: "The Senate of the United States shall be composed of two senators from each state chosen by the legislature thereof for six years and each senator shall have one vote.

the ballot. Section 4 of Article I confers upon the state legislatures the right to prescribe the "times, places and manner of holding elections for senators." In accordance therewith, the General Assembly of Ohio has set forth in precise detail what preliminary steps must be taken. A candidate must file a declaration of candidacy. He must accompany the declaration with nominating petitions. He must pay a filing fee, and he must take all of the foregoing steps no later than the ninetieth day before the primary election.

Legislative requirements enacted in accordance with this section of the United States Constitution have been uniformly upheld. Roudebush v. Hartke, 405 U.S. 15, 92 S.Ct. 804, 31 L.Ed.2d 1 (1972); Oregon v. Mitchell, 400 U.S. 112, 91 S.Ct. 260, 27 L.Ed.2d 272 (1970); Smiley v. Holm, 285 U.S. 355, 52 S.Ct. 397, 76 L.Ed. 795 (1932). In Smiley v. Holm, *supra*, Chief Justice Hughes, referring to the intent of Article I, section 4, observed that:

> . . . It cannot be doubted that these comprehensive words embrace authority to provide a complete code for congressional elections, not only as to times and places, but in relation to notices, registration, supervision of voting, protection of voters, prevention of fraud and corrupt practices . . .

285 U.S. at 366, 52 S.Ct. at 399.

■ There is no doubt that state requirements for nomination and election must be the same for all candidates. The Supreme Court of the United States has recently struck down regulations of the State of Ohio which placed restrictions upon third parties not imposed upon the two major parties. Williams v. Rhodes, *supra*. So long as strictures are applied equally to all Ohio candidates, discrimination between candidates or between classes of voters cannot be claimed. Only when the plaintiff failed to comply with the provisions of Ohio Rev.Code § 3517.10 was he separated from the group of eligible candidates.

Such a classification of ineligibility is clearly reasonable and rationally related to state interests and in accord with traditional equal protection doctrines. Since he could have complied with § 3517.10, he may not now assert that such noncompliance works unlawful discrimination against him.

While it is not within the province of this Court to review the wisdom of the statutes in question, the significance of so-called "reporting" statutes in the current political scene increases with each day. The public interest demands that we know who contributes to a candidate's campaign, in what quantity such contributions are made, and the quantities of money such candidate has expended. It is probably safe to speculate that such reporting statutes will become more comprehensive in the future, and the reporting statements will be scrutinized with ever-increasing care.

■ While the Ohio statutes in question appear to be a reasonable and wise exercise of legislative power, it should not be assumed that their constitutionality turns upon this Court's approval of their purpose. It is not the function of the federal courts to place an imprimatur on those statutes deemed wise and to withhold approval from those deemed foolish. *See* Ferguson v. Skrupa, 372 U.S. 726, 730, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963); Vlandis v. Kline, 412 U.S. 441, 467–469, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973) (Rehnquist, J., dissenting). Within its proper sphere, a state legislature has full authority to enact the appropriate legislation. Plaintiff has characterized § 3517.11 as "harsh." Yet, harshness does not imply unconstitutionality. Penalties to deter irregularities in the system of elections are well within the scope of power of the Ohio legislature. Smiley v. Holm, *supra*; Gordon v. Lance, 403 U.S. 1, 91 S.Ct. 1889, 29 L.Ed.2d 273 (1971); Burns v. Fortson, 410 U.S. 686, 93 S.Ct. 1209, 35 L.Ed.2d 633 (1973); State ex rel. Jedlicka v. Board of Election of Cuyahoga County, 20 Ohio St.2d 13, 217 N.E.2d 862 (1969).

It may well be that § 3517.11 is harsh. It may also be that had the members of this Court been a part of the General Assembly of Ohio they each would have voted against such legislation. This, however, cannot be the test; rather the test is whether the Ohio Legislature has violated the provisions of the United States Constitution.

Since this Court is not persuaded that Ohio Rev.Code §§ 3517.10 and 3517.11 are unconstitutional, the prayer in plaintiff's complaint will be DENIED and such complaint DISMISSED.

It is so ordered.