Day, J.
 

 This is an action in
 
 quo warranto,
 
 instituted in this court on behalf of relator, W. F. Smith, for an order to oust respondent, J. H. Nazor, from the office of member of council of the city of Ironton, Ohio.
 

 The agreed statement of facts dis'closes that the council of the city of Ironton, Ohio, is composed of seven members; that a vacancy occurred therein by the resignation of one of its members; that on May 26, 1938, at a regular meeting of the council, attended by the six remaining members, council proceeded to fill the vacancy by election; that six candidates, including relator and respondent, competed for the office; that prior to the casting of any ballots, there, was' a discussion among the members as to the method of conducting the election; that the city solicitor advised
 
 *365
 
 them to follow the procedure usually pursued at elections at which more than one candidate presents himself for the same office, namely, that the one receiving the highest number of votes be declared elected; that council, thereupon, adopted a motion to the effect that the candidate receiving the lowest number of votes be dropped after each ballot.
 

 The agreed statement of facts recites that: “After the passage of the above motion the first ballot was taken and resulted as follows: Nazor 1, Smith 2, Mar-kin 1, Wickline 1, and Bull and McNary nothing, one member not voting, and the chairman, Hugger, declared that no one had been elected, and that those candidates receiving no votes were to be dropped from the ballot, and ordered council to proceed with the second ballot. The second ballot resulted as follows: Nazor 2, Smith 2, Wickline 1, Markin 1. Chairman Hugger declared that no one had been elected, and ordered council to proceed with the third ballot. The third ballot resulted as follows: Nazor 2, Smith 2, Wickline 1, Markin 1. Chairman Hugger declared that no one had been elected, and ordered council to proceed with the fourth ballot. The fourth ballot resulted as follows: Nazor 3, Smith 2, Wickline 0, Mar-kin 1, and thereupon Chairman Hug’ger, after conferring with the solicitor, declared J. H. Nazor elected as member of council to fill the unexpired term of O. H. Henninger resigned, saying, ‘he having received the plurality of votes cast as required by law.’ ”
 

 Thereupon, relator and respondent, each claiming to have been duly elected, presented bond, with.s'ufficient surety thereon, to the council chairman for approval. The chairman refused to approve the bond of relator but approved that of the respondent, who now holds the office.
 

 At the time of the election, there were in force and effect certain standing rules of the council, included
 
 *366
 
 among which was one designated as Rule 5 and one designated as Rule 29. Rule 5 provided that:
 

 “A majority of all members of the council shall constitute a quorum, and the vote of the majority of those pres'ent constituting a quorum, shall be sufficient to transact business in the absence of other members, except in those cases where a different number is, or may be required by the laws of the state of Ohio, or by the rules of the council.”
 

 Rule 29 provided that:
 

 “These rules may be amended or altered, or new rules adopted by a majority of all members' elected or appointed thereto, at any meeting of the council, on report of the proper committee to whom the subject has been previously referred.”
 

 It is the contention of relator that, by the adoption of the rules above mentioned, a plurality and not a majority of the votes cast was required to elect him member of council, and that, having received a plurality vote on the first ballot, he was duly elected.
 

 Respondent contends that, since the motion was not referred to a committee prior to passage, as' required by Rule 29, the adoption of the motion did not have the effect of changing Rule 5, requiring a majority vote, and that, therefore, that rule controlled the election. By this contention, respondent, in effect, admits that he was not, himself, elected, in view of the stipulation that no candidate received a majority of the votes cast.
 

 Under Rule 5, a majority of the members present was necessary for the transaction of business, except in cases where a different number is, by law, required. Rule 29 prescribed the manner in which a rule of council may be changed. Since, in the attempted amendment or alteration of Rule 5, the procedure prescribed in Rule 29 was not followed, Rule 5 remained in full
 
 *367
 
 force and effect and controlled the election, unless it conflicted with a law of the state.
 

 Rule 5 requires a “majority of those present constituting a quorum,” for the transaction of business, while Section 3515-54, General Code, requires an affirmative vote of a majority of all members of the council for the adoption of any motion, ordinance or resolution. Is there a conflict between the rule of council and the statute? Our answer is in the negative. Section 3515-54, General Code; reads:
 

 “A majority of all members of the council shall constitute a quorum to do business, but a smaller number may adjourn from day to day and compel the attendance of absent members. The affirmative vote of a majority of the members of the council shall be necessary to adopt any motion, ordinance or resolution and on the passage of every ordinance or resolution the vote shall be taken by ‘yeas’ and ‘nays’ and entered upon the journal. Each proposed ordinance or resolution shall be in written or printed form, and shall not contain moré than one subject which shall be clearly stated in the title;. provided, however, that general appropriation ordinances may contain the various subjects and accounts for which moneys are appropriated. No ordinance, unless it be declared an emergency measure, shall be passed until it has been read on three separate days, the first and second reading of which may be by title only and in case said measure shall be printed and a copy thereof placed on the desk of each member then said third reading may be by title only, provided that the rule requiring every ordinance to be read on three separate days may be suspended by a three-fourths vote of all members elected or appointed to council, taken by ‘yeas’ and ‘nays’ on each ordinance, and entered on the journal.”
 

 An election by council to fill a vacancy does' not constitute the adoption of an ordinance or a resolu
 
 *368
 
 tion. Had there been only one candidate for the office, the question might have been raised whether, under the facts of
 
 State, ex rel. Shinnich,
 
 v.
 
 Green,
 
 37 Ohio St., 227, such election did not constitute a motion. However, there were six candidates from whom one was to be elected. An election, in such case, does not constitute or have the effect of a motion. Consequently, the statute is wholly inapplicable to the situation here presented.
 

 Relator contends that it is within the power of council to determine the number of votes needed to elect a member to fill a vacancy within its own membership. The existence of this power cannot be denied. In
 
 State, ex rel. Reed,
 
 v.
 
 DeMaioribus,
 
 131 Ohio St., 201, 2 N. E. (2d), 506, on page 207, it is stated that:
 

 “The council is a deliberative body with prerogatives limited only by positive law. As such it had full power to make reasonable rules governing’ the election. In advance of a ballot, it could determine whether the election should be by plurality or by majority. It could adopt a rule permitting change of votes after a ballot but before announcement of the result by the chair. Neither custom nor practice of previous councils is of determinative value. By common consent and/approval it was understood and agreed that the election should be by a majority vote and therefore a majority determined the choice.”
 

 Council in the instant case exercised this power by the adoption of Rule 5. However, this rule, not having been amended or altered in the manner prescribed in Rule 29, continued in force and effect. Under this rule, a majority vote of all members present was required, but since neither relator nor respondent received such vote, neither was elected to fill the vacancy for which the election was conducted.
 

 It is well settled that in order for a private relator to maintain an action in
 
 quo warrcmto
 
 under Section 12307, General Code, to recover a public office, he must
 
 *369
 
 show himself entitled to that office. See
 
 State, ex rel. Heer,
 
 v.
 
 Butterfield,
 
 92 Ohio St., 428, 111 N. E., 279. The relator, having no right to the office of councilman, this court must refuse to grant an order of induction.
 

 Order of ouster and induction denied.
 

 Weygandt, C. J., Zimmerman, Williams, Myers, Matthias and Hart, JJ., concur.