IN RE REMOVAL OF AUGENSTEIN ET AL., APPELLANTS.

[Cite as In re Augenstein (1977), 53 Ohio App. 2d 327.]

(No. CA-531—Decided February 17, 1977.)

*Mr. John W. Allen* and *Mr. Harry M. Welsh,* for appellants.

*Messrs. Green, Schiavoni, Murphy & Haines,* and *Mr. Frederick G. Cloppert, Jr.,* for appellees, electors in the Northmor Local School District.

PUTMAN, J. In this case of the removal, pursuant to R. C. 3.07, of three members of a board of education, appellants herein, the sole reason given by the trial court (a jury was waived) was:

"2. The Court finds that the respondents Eash, Augenstein, and Sipes did fail to properly advertise for bids pertaining to the construction of the cement block building behind the garage built in 1975, this being the same building referred to in the testimony as the 'Student Project V the 'Vocational Building,' and the 'Industrial Arts Building,' such failure being contrary to the mandatory requirements of Section 3313.46 of the Revised Code.

"Further, this Court specifically finds that Section 3313.90 of the Ohio Revised Code pertaining to vocational education is not a justification for the violation of the mandatory provision of Section 3313.46 of the Ohio Revised

Code relating to advertising for bids on building projects costing in excess of Four Thousand Dollars.

"The Court further finds and determines and so rules that the failure of the respondents Eash, Augenstein and Sipes to properly advertise for the construction as hereinbefore set forth constituted an act of nonfeasance by reason whereof the petitioners are entitled to judgment in their favor for said acts of nonfeasance."

The petitions for removal circulated and filed, in this case by appellees, charged each of the appellants with wilful neglect and refusal to perform official duties, gross neglect of duty, misfeasance, malfeasance and nonfeasance in their respective offices. The trial court acquitted all of them of every one of such charges except one charge of nonfeasance.

The appellants did comply with the competitive bidding statute in the construction of a $440,000 school building and presumably in all other cases. The construction of the 40 by 100 foot cement block building using student labor as part of the carpentry course in the vocational educational program was the only departure from law found by the trial court. There is no evidence that such failure to advertise for bids was motivated by any disposition to avoid applicable law. On the contrary, they claimed erroneously that they believed the statute did not apply to vo-ed projects under R. C. 3313.90.

It is undisputed that the procedure employed actually saved thousands of dollars of tax money. Approximately $30,000 was expended on this building. The testimony of an architect, James Crawfis, that it would have cost $70,-000 to $100,000 to do the same work had the competitive statutes been followed, is uncontroverted in the record. While this fact is not pivotal, it highlights the further fact that the project was completed and paid for absent any objection, notwithstanding that the absence of compliance with the public bidding laws and the employment of student labor must have been widely known facts in the community because the students themselves were providing the carpentry labor. No attempt was made by anyone to

enjoin this project or otherwise to interfere with the work or the payment in full of all expenses thereof.

Long after completion of the project and payment of the bills, dissatisfaction arose in connection with some un-related matter. The fact that no objection was timely made does not, of course, exempt the project from the mandatory competitive bidding statutes. The point is that there was no perverse proceeding in the face of objection. This bears strongly upon the question of whether or not legal grounds exist to impose upon the appellants the quasi-criminal provisions of R. C. 3.07. On the subject of the removal of public officers from office, the Supreme Court has given clear direction in the case of *State, ex rel. Corrigan,* v. *Hansel* (1965), 2 Ohio St. 2d 96. In that case, the court said, at page 100:

" 'The law does not look with favor upon declaring a forfeiture in an office to which one has been elected in a legal manner, and the people by their votes, determine their choice of officers, and they should not be robbed of the fruits of such choice for slight or insufficient reasons * * * ; ' "

"An elective public official should not be removed except for clearly substantial reasons and conclusions that his further presence in office would be harmful to the public welfare."

Earlier, the Supreme Court in *State ex rel. Attorney General* v. *Hoglan* (1901), 64 Ohio St. 532, said at pages 544-545:

"But such error of judgment is not of itself evidence of such incompetency in the board as would authorize its removal from office. Such errors frequently arise in the performance of their duties by public officers, and it has not hitherto been regarded as an evidence of such incompetency as to require that they should be removed. We do not say that such a flagrant case might not occur as would require the exercise of such authority. Here, however, the construction of a statute is involved about which there is room for an honest difference of opinion; and the proper remedy would have been a proceeding in mandamus, re-

quiring them to certify the number of names claimed by the mayor. This would have offered them an opportunity to be heard and to have obtained a judicial construction of the statute. To remove an incumbent from office for an error of judgment in the construction of a statute that is open to doubt, and without an opportunity to be heard, seems rather too drastic a remedy to be consistent with the liberal principles of our system of government."

In this particular case, the trial court which heard the evidence and had to judge the credibility of the witnesses acquitted all of the public officers on every charge which contained any element of bad faith or malfeasance in office. They were removed for an isolated transaction which, insofar as the record of evidence in this case is concerned, was entirely innocent.

Upon a careful reading of the entire record, we find no substantial departure on the part of any of the removed board members from the faithful performance of their official duties. We hold, as a matter of law, that where nonfeasance alone is the ground for removal, under R. C. 3.07, that the record must show by clear and convincing evidence a substantial departure from the faithful performance of duty. We find no substantial departure from the faithful performance of official duty in any of these cases.

For the foregoing reasons, the judgment of removal and forfeiture is reversed and each of the appellants is reinstated in his respective office.

The motion of the appellee for leave to appeal from the acquittal portions of the judgment entry of the trial court is overruled.

*Judgment reversed.*

RUTHERFORD, P. J., and DOWD, J., concur.