THE STATE, EX REL. GRETICK, SPECIAL PROS., *v.* JEFFREY.

[Cite as State, ex rel. Gretick, *v.* Jeffrey (1984), 12 Ohio St. 3d 55.]

(No. 81-1795—Decided July 3, 1984.)

*Mr. Anthony L. Gretick,* special prosecutor, for relator.

*Sanford, Fisher, Fahey, Boyland & Schwarzwalder Co., L.P.A.,* and *Mr. Richard P. Fahey,* for respondent.

*Per Curiam.* Relator's claim asserting respondent's inability to perform arises from respondent's failure to be present at approximately sixty percent of the scheduled meetings and/or office hour times. There is no claim of misconduct in office by respondent nor is there probative evidence to support an allegation that the conduct of the business of the board of county commissioners has been impeded by failure of respondent to be in attendance at the hours prescribed by the two-member majority. Thus, there being a failure of proof that respondent was in fact unable to perform both as principal of Ridgemont High School and as a member of the board of county commissioners, relator's premise that the two positions are incompatible must fail.

Relator's claim of conflict of interest in respondent's serving on the county board of revision while employed by a school system whose tax base is partially in the same county must likewise fail as such claim is founded on speculation and not fact. There is no evidence or indeed any claim that respondent has been or is serving on the county board of revision. Should the dual role suggested by relator be presented to respondent he would then have the option of disqualifying himself or his vote with regard to actions of the board of revision involving school property assessments. Possibility of conflict of interest is insufficient to oust a duly elected public official from office. *State, ex rel. Corrigan,* v. *Hensel* (1965), 2 Ohio St. 2d 96 [8 O.O.2d 7].

For reason of the foregoing, the writ is denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.