THE STATE EX REL. JOHNSON *v.* RICHARDSON ET AL.

[Cite as *State ex rel. Johnson v. Richardson,*

**131 Ohio St.3d 120, 2012-Ohio-57.**]

*Quo warranto—Removal of village-council member—Village council did not properly vote for respondent to fill vacancy—Writ granted.*

(No. 2011-1464—Submitted November 15, 2011—Decided January 12, 2012.)

IN QUO WARRANTO.

_____

**Per Curiam.**

{¶ 1}   This is an original action in which relator, Terry Johnson, requests a writ of quo warranto to oust respondent Scott Richardson from the office of member of the council of the village of Carlisle, Ohio, and to declare relator entitled to the office.  Because the pertinent facts are uncontroverted and relator has established his entitlement to the requested extraordinary relief, we grant the writ.

**Facts**

{¶ 2}   On November 3, 2009, Chad S. Johnson was elected to serve a four-year term as an at-large member of the Carlisle Village Council.  On April 22, 2011, Chad S. Johnson resigned from his office as an at-large council member effective June 1, 2011.

{¶ 3}   On June 28, 2011, at a regular meeting of the Carlisle Village Council, the remaining six council members voted to fill the vacant council seat. Of the six votes cast, respondent Scott Richardson received three votes, relator, Terry Johnson, received two votes, and Cheryl Sweezy received one vote.  After village-council members disagreed about whether their vote had filled the vacant

council seat, a council member requested that the village law director render an opinion on the matter.

**{¶ 4}** On June 30, the law director gave his written opinion concerning the June 28 vote. On that same date, the law director swore Richardson into the office of member of village council. No further votes to elect a successor council member were taken.

**{¶ 5}** On July 1, 2011, Carlisle Mayor Timothy Humphries appointed relator, Terry Johnson, to the office of Carlisle Village Council member to fill the vacancy caused by the resignation of former council member Chad S. Johnson. But Richardson has assumed the council seat and purported to exercise the rights and duties of that office, notwithstanding the mayor's request that he remove himself from the council meetings.

**{¶ 6}** On August 25, 2011, Terry Johnson filed this action for a writ of quo warranto to oust Richardson from the office of member of the Carlisle Village Council and to declare Johnson entitled to possession of that office. Richardson filed an answer, the village filed a motion to intervene and an answer, and Johnson filed a memorandum in opposition to the motion to intervene. Twenty-four days after he filed his answer, Richardson filed a motion for judgment on the pleadings. Johnson filed a motion to strike Richardson's motion.

**{¶ 7}** This cause is now before the court for our consideration of the village's motion to intervene, Johnson's motion to strike Richardson's motion for judgment on the pleadings, and our S.Ct.Prac.R. 10.5 determination.

**Legal Analysis**

Motion to Intervene

**{¶ 8}** The village of Carlisle seeks to intervene as an additional respondent in this case. The village has an interest in this case because it involves the interpretation of the village's charter procedure to fill a vacancy in the village council. Moreover, the village may not be adequately represented by Richardson

in this proceeding. Further, the village has complied with the mandatory procedural requirements of Civ.R. 24(C) by filing its answer with its motion to intervene.

{¶ 9} Based on the foregoing, as well as our duty to liberally construe Civ.R. 24 in favor of intervention, we grant the village's motion to intervene. See *State ex rel. Watkins v. Eighth Dist. Court of Appeals* (1998), 82 Ohio St.3d 532, 534, 696 N.E.2d 1079.

## Motion to Strike

{¶ 10} Johnson moves to strike Richardson's motion for judgment on the pleadings. In an original action filed here, the respondent "shall file an answer to the complaint or a motion to dismiss within twenty-one days of service of the summons and complaint." S.Ct.Prac.R. 10.5(A). Under S.Ct.Prac.R. 10.5(B), "[t]he respondent may file a motion for judgment on the pleadings *at the same time an answer is filed*." (Emphasis added.)

{¶ 11} Under the rule, respondents in original actions filed in the Supreme Court are authorized to file motions for judgment on the pleadings, but if they do so, the motion must be filed "at the same time an answer is filed." *State ex rel. Van Landingham v. Lucas Cty. Bd. of Elections* (2002), 94 Ohio St.3d 1509, 764 N.E.2d 1038; *State ex rel. Toledo v. Lucas Cty. Bd. of Elections* (2002), 95 Ohio St.3d 73, 74, 765 N.E.2d 854. Because Richardson did not file his motion for judgment on the pleadings until 24 days after he filed his answer, we grant Johnson's motion and strike the untimely motion.

## S.Ct.Prac.R. 10.5 Standard

{¶ 12} We now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. S.Ct.Prac.R. 10.5. Dismissal, which respondents request in their answers, is required if it appears beyond doubt, after presuming the truth of all material factual allegations of relator's complaint and making all reasonable inferences in his favor, that relator is not entitled to the requested

extraordinary relief in quo warranto. See *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, 930 N.E.2d 299, ¶ 13.

{¶ 13} If, however, after so construing the complaint, it appears that relator's quo warranto claim may have merit, we will grant an alternative writ and issue a schedule for the presentation of evidence and briefs. See *State ex rel. Mason v. Burnside*, 117 Ohio St.3d 1, 2007-Ohio-6754, 881 N.E.2d 224, ¶ 8.

{¶ 14} Finally, if the pertinent facts are uncontroverted and it appears beyond doubt that relator is entitled to the requested extraordinary relief in quo warranto, a peremptory writ will be granted. See *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 14.

Quo Warranto Claim

{¶ 15} "[Q]uo warranto is the exclusive remedy by which one's right to hold a public office may be litigated." *State ex rel. Battin v. Bush* (1988), 40 Ohio St.3d 236, 238-239, 533 N.E.2d 301; see also *State ex rel. Varnau v. Wenninger*, 128 Ohio St.3d 361, 2011-Ohio-759, 944 N.E.2d 663, ¶ 9. "To be entitled to the writ of quo warranto, the relator must establish that the office is being unlawfully held and exercised by respondent and that relator is entitled to the office." *State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-Ohio-2939, 951 N.E.2d 405, ¶ 23.

{¶ 16} Relator asserts that Richardson's holding and exercising the office of village-council member is unlawful because the village council did not properly vote for him to fill the vacancy pursuant to the village charter. Under Section 4.01(a) of the Carlisle Charter, "all powers of the Municipality, including its legislative powers, shall be vested in a Council consisting of seven (7) members (including the Mayor)," with three of the council's seven members being elected from the village at large. The office of member of the village

4

council became vacant when Chad S. Johnson resigned effective June 1, 2011. See Section 4.05(a), Carlisle Charter ("The office of member of Council shall become vacant upon the member of Council's death, resignation, removal from office in any manner authorized by this Charter, or forfeiture of office").

{¶ 17} Section 4.05(d) of the village charter governs the procedure to fill vacancies in the office of village council:

{¶ 18} "*Filling of Vacancies.* Vacancies in the office of member of Council shall be filled within thirty (30) days by vote of a majority of the remaining members of Council. *If a vacancy occurs in one (1) or more positions among members of Council elect, the Council of the new term shall appoint, by a majority vote, an eligible person or persons to fill the vacancy.* If the Council fails to fill a vacancy within thirty (30) days following the occurrence of the vacancy, the power of Council to fill the vacancy shall lapse and the Mayor shall fill the vacancy by appointment immediately following the expiration of the said thirty (30) days. Any appointee under this section shall qualify under the provisions of this Charter, shall hold office, and shall serve for the unexpired term and until a successor is elected and qualified." (Emphasis added.)

{¶ 19} Richardson and the village claim that Richardson lawfully holds the office of village-council member based on the village council's June 28, 2011 vote of three to two to one in which three council members voted for Richardson and two council members voted for relator, Terry Johnson. Relator counters that because Richardson received the vote of only three of the six remaining council members, he did not receive the requisite "majority vote" to fill the vacancy.

{¶ 20} Section 4.05(d) of the charter specifies that if a vacancy occurs in the village council, the council, within 30 days following the occurrence of the vacancy, "shall appoint, by a majority vote, an eligible person * * * to fill the vacancy." The term "majority" is not defined in the charter. Undefined language used in a municipal charter must be construed according to its ordinary and

common usage. *State ex rel. Commt. for the Proposed Ordinance to Repeal Ordinance No. 146-02, W. End Blight Designation v. Lakewood*, 100 Ohio St.3d 252, 2003-Ohio-5771, 798 N.E.2d 362, ¶ 19 ("In construing these charter provisions, the court applies general laws regarding statutory interpretation, including construing charter language according to its ordinary and common usage"). The ordinary and common meaning of "majority" is "[a] number that is more than half of a total; a group more than 50 percent." Black's Law Dictionary (9th Ed.2009) 1040. "A majority always refers to more than half of some defined or assumed set." Id.

**{¶ 21}** Since three is not more than half of six, Richardson did not receive enough votes to fill the vacancy on the village council under the plain language of Section 4.05(d) of the Carlisle Charter. We reached a comparable result in *State ex rel. Smith v. Nazor* (1939), 135 Ohio St. 364, 14 O.O. 246, 21 N.E.2d 124, a quo warranto case in which we held that a vote of three to two to one by the six remaining Ironton City Council members to fill a vacancy was insufficient to constitute the required majority vote—"a majority vote of all members present was required, but since neither relator nor respondent received such vote, neither was elected to fill the vacancy for which the election was conducted." Id. at 368; see also *State ex rel. Corrigan v. Tudhope* (1975), 41 Ohio St.2d 57, 70 O.O.2d 153, 322 N.E.2d 675 (quo warranto granted to oust city council member who had not received a majority vote of six remaining council members to fill a vacancy when he received three votes); see generally Annotation, What Constitutes Requisite Majority of Members of Municipal Council Voting on Issue (1955), 43 A.L.R.2d 698.

**{¶ 22}** Therefore, in accordance with the plain language of Section 4.05(d) of the Carlisle Charter as well as our precedent, relator has established that Richardson is unlawfully holding and exercising the office of village-council member.

{¶ 23} Moreover, relator has also established that he is entitled to the office. The village council failed to fill the vacancy caused by Chad S. Johnson's resignation within 30 days of the June 1 effective date of the resignation. The council's failure to fill the vacancy within the time specified by the charter imposed a duty on the mayor to "fill the vacancy by appointment immediately following the expiration of said thirty (30) days." Section 4.05(d), Carlisle Charter. The mayor satisfied that duty by appointing relator, Terry Johnson, to fill the vacancy on July 1, 2011.

### Conclusion

{¶ 24} Because the pertinent facts are uncontroverted and establish relator's entitlement to the requested extraordinary relief, we grant a peremptory writ of quo warranto to oust respondent Scott Richardson from the office of Carlisle Village Council member and to declare relator, Terry Johnson, entitled to that office. No further evidence or briefs are required.

Writ granted.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Rion, Rion & Rion, L.P.A., Inc., and Bradley D. Anderson, for relator.

Schottenstein, Zox & Dunn Co., L.P.A., Alan G. Starkoff, Jeremy M. Grayem, and Asim Z. Haque, for respondents.

_____