[Cite as *State ex rel. Martin v. Shabazz*, 2023-Ohio-4533.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE EX REL., NATHANIEL
MARTIN, ET AL.,                           :

      Relators,                           :

                                No. 112477

      v.                                 :

LATEEK SHABAZZ, ET AL.,                  :

      Respondents.                       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRITS DENIED
**DATED:** December 12, 2023

---

Writs of Quo Warranto and Mandamus
Motion No. 565771
Order No. 569599

---

### *Appearances:*

Mark McClain, *pro se.*

Law Office of Charles Tyler, Sr., and Charles Tyler, Sr., *for relator* Nathaniel Martin.

Kenneth D. Myers, *for respondents.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} The relators, Nathaniel Martin ("Martin") and Mark McClain ("McClain"), have filed a complaint for a writ of quo warranto and a writ of

mandamus.  Martin argues that he was unlawfully expelled from his position as the East Cleveland Council President by respondent Korean Stevenson ("Stevenson"), respondent Dr. Patricia Blochowiak ("Blochowiak"), and respondent Juanita Gowdy ("Gowdy"), unlawfully removed from his position as Councilor-at-Large by councilpersons and unlawfully replaced by respondent Anton Billings ("Billings"). McClain argues that he was lawfully appointed to the East Cleveland Council, Ward 3 Councilperson, by Martin, and thus respondent Lateek Shabazz ("Shabazz") was unlawfully appointed to the Ward 3 Councilperson position by the respondents. Martin and McClain also seek a writ of mandamus in order to compel the payment of the salaries appurtenant to the position of councilperson.  The respondents have filed a joint motion for summary judgment that is granted for the following reasons.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}  The facts pertinent to this original action are gleaned from the complaint for writs of quo warranto and mandamus with attached affidavits and exhibits, the respondents' joint motion for summary judgment with attached affidavits and exhibits, relators' joint brief in opposition to the respondents' motion for summary judgment with attached affidavits and exhibits, the respondents reply to the relators' response to the respondents' motion for summary, McClain's separate response to the respondents' motion for summary judgment with attached exhibits and affidavits, and the respondents' reply to McLain's response to the respondents' motion for summary judgment.

**{¶ 3}** On November 8, 2022, East Cleveland Ward 3 Councilperson, Ernest Smith, was recalled by the voters of the city of East Cleveland. On November 29, 2022, the Cuyahoga County Board of Elections certified the recall of Ernest Smith as East Cleveland Ward 3 Councilperson; the certification triggered a 30-day period for East Cleveland Council to appoint a person to fill the empty council seat as permitted by Section 100 of the East Cleveland Charter. Noticed interviews for the Ward 3 Councilperson open position were held on December 19, 2022, at the East Cleveland Public Library; present at the interviews were the respondents, Martin, and the East Cleveland Law Director, Willa Hemmons. On December 20, 2022, a noticed East Cleveland Council special meeting was held, at which time Shabazz was selected to fill the vacant Ward 3 seat that resulted from the recall election of November 8, 2022; the oath of office was administered to Shabazz by Blochowiak. East Cleveland Council met once again, on December 27, 2022, and voted to select Shabazz as the replacement for the vacant Ward 3 seat of the East Cleveland Council.

**{¶ 4}** On December 27, 2022, the East Cleveland Council, pursuant to Rule 23(B) of Chapter 113 of the East Cleveland Codified Ordinances, elected Stevenson as president of the East Cleveland Council, thus replacing Martin as president of the East Cleveland Council. Martin, on December 29, 2022, attempted to appoint and swear in Jacqueline Goodrum as the Ward 3 Councilperson replacement for recalled Ernest Smith. Martin, on December 30, 2022, attempted to appoint and swear in McClain as the Ward 3 Councilperson replacement for recalled Ernest Smith. East

Cleveland Council, on January 3, 2023, voted once again to elect Stevenson as president of East Cleveland Council. On January 17, 2023, East Cleveland Council provided notice to Martin of the allegations of "malfeasance" based upon improper conduct while serving as a councilperson that included (1) misuse of an East Cleveland Council postage machine used to mail campaign literature for his election campaign, (2) acceptance of gift bags from a local business owner that were then distributed to city residents as part of his election campaign, (3) failure to report in-kind donation on campaign finance report, (4) without the approval of East Cleveland Council, signed a letter supporting a local business owner's purchase of real property from Cuyahoga County, and (5) continuing to hold himself out, in public documents, as president of East Cleveland Council after removal from the position as president of East Cleveland Council. On January 19, 2023, an investigative committee was empaneled to investigate the allegations made against Martin. On January 30, 2023, a second packet of documents that evidenced malfeasance was delivered to Martin. On February 14, 2023, allegations of malfeasance against Martin were heard by the East Cleveland Council, and by a vote of 4-0, Martin was expelled from the East Cleveland Council.

{¶ 5} On March 8, 2023, Martin and McClain filed their complaint for quo warranto and mandamus. On March 14, 2023, East Cleveland Council appointed Billings to replace Martin as councilperson. On April 3, 2023, the respondents filed a joint Civ.R. 12(B)(6) motion to dismiss the complaint for quo warranto and mandamus. On April 3, 2023, Martin and McClain filed a joint response to the

motion to dismiss. On May 9, 2023, McClain filed a notice that he was proceeding pro se and was no longer represented by counsel. On May 11, 2023, the respondents filed a joint answer to the complaint for quo warranto and mandamus. On May 23, 2023, Martin filed a supplemental brief in opposition to the respondents' joint motion to dismiss. On June 14, 2023, the respondents' joint motion to dismiss was sua sponte converted into a Civ.R. 56(C) motion for summary judgment. On July 5, 2023, the respondents filed a joint Civ.R. 56(C) motion for summary judgment. On July 18, 2023, Martin filed a brief in opposition to the respondents' joint Civ.R. 56(C) motion for summary judgment. On July 28, 2023, the respondents filed a joint reply to Martin's brief in opposition to the Civ.R. 56(C) motion for summary judgment. On August 22, 2023, McClain filed a brief in opposition to the respondents' joint Civ.R. 56(C) motion for summary judgment. On August 30, 2023, the respondents filed a joint reply to McClain's brief in opposition to the respondents' Civ.R. 56(C) motions for summary judgment.

## II. LEGAL ANALYSIS

### A. Civ.R. 56(C) Motion for Summary Judgment Standard

{¶ 6} Civ.R. 56(C) provides that

[t]he motion together with all affidavits and other materials in support shall be served in accordance with Civ.R. 5. Responsive arguments, together with all affidavits and other materials in opposition, and a movant's reply arguments may be served as provided by Civ.R. 6(C). Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *.

{¶ 7} Under Civ.R. 56(C), summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 375 N.E.2d 46 (1978). Because the granting of summary judgment ends litigation, courts should carefully award summary judgment only after resolving all doubts in favor of the nonmoving party and finding that "reasonable minds can reach only an adverse conclusion" against the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992).

{¶ 8} The burden of demonstrating that there exists no genuine issue as to any material fact falls upon the moving party. Once the moving party has met its burden, it is the nonmoving party's obligation to present evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas*, 59 Ohio St.3d 108, 570 N.E.2d 1095 (1991); *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 2018-Ohio-3568, 108 N.E.3d 1252 (8th Dist.). The moving party is entitled to summary judgment if the nonmoving party fails to

establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Brandon/Wiant Co. v. Teamor*, 125 Ohio App.3d 442, 708 N.E.2d 1024 (8th Dist.1998), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## B. Standard for Granting Quo Warranto

{¶ 9} The Supreme Court of Ohio has firmly established that quo warranto is the sole remedy that may be employed to challenge the right of any person to hold a public office.

> Quo warranto is the exclusive remedy to litigate the right of a person to hold a public office. *State ex rel. Deiter v. McGuire*, 119 Ohio St.3d 384, 2008-Ohio-4536, 894 N.E.2d 680, ¶ 20; *see also, State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, 978 N.E.2d 188, ¶ 8, citing *State ex rel. Johnson v. Richardson*, 131 Ohio St.3d 120, 2012-Ohio-57, 961 N.E.2d 187, ¶ 15. In quo warranto, judgment may be rendered on the right of the defendant to hold the contested office and the right of the person alleged to be entitled to hold the office "or only upon the right of the defendant, as justice requires." *Deiter* at ¶ 22.

*State ex rel. Flanagan v. Lucas*, 139 Ohio St.3d 559, 2014-Ohio-2588, 13 N.E.3d 1135, ¶ 12. *See also State ex rel. Price v. Columbus, Delaware & Marion Elec. Co.*, 104 Ohio St. 120, 135 N.E. 297 (1922); Sections 2 and 3 of Article IV of the Constitution of Ohio.

{¶ 10} To be entitled to the writ of quo warranto, the relator must establish that the office is being unlawfully held and exercised by respondent and that the relator is entitled to the office. In other words, the relator must demonstrate not only that he is entitled to the office, but also demonstrate that the claimed office is unlawfully held and exercised by the respondent. *State ex rel. Halak v. Cebula*, 49

Ohio St.2d 291, 361 N.E.2d 244 (1977); *State ex rel. Smith v. Nazor*, 135 Ohio St. 364, 21 N.E.2d 124 (1939); *State ex rel. Lindley v. Maccabees*, 109 Ohio St. 454, 142 N.E. 888 (1924); *State ex rel. Heer v. Butterfield*, 92 Ohio St. 428, 111 N.E. 279 (1915).

### 1. Martin's Claim for Quo Warranto

{¶ 11} Martin's complaint for quo warranto is basically premised upon the allegations that he was improperly removed as president of Council and removed from office as a councilperson. Specifically, Martin argues (1) the respondents, when acting in their official capacity as councilpersons, failed to comply with R.C. 121.22, the Ohio Open Meetings Act ("OMA"); (2) the respondents improperly removed him as president of East Cleveland Council; and (3) the respondents improperly removed him as a councilperson and replaced him with Billings. McClain argues that he was properly appointed to fill the vacated position of Ward 3 Councilperson, formerly held by Ernest Smith.

### 2. Compliance with R.C. 121.22 and East Cleveland Charter

{¶ 12} Martin alleges that certain actions of respondents were not made in conformity with the OMA and Section 103.01 of the East Cleveland Charter, to wit: utilizing council meetings for interviews to replace vacant councilperson positions, the reorganization of council to remove him as president of council, the removal of him as a councilperson, and the appointments of Shabazz and Billings

{¶ 13} Martin bears the ultimate burden of proving that respondents, as a public body, have violated any public notice requirement. *State ex rel. Hardin v.*

*Clermont Cty. Bd. of Elections*, 2012-Ohio-2569, 972 N.E.2d 115 (12th Dist.).The party alleging a violation of the OMA has the burden to prove, by a preponderance of the evidence, that the OMA was violated. Once the violation is established, the burden shifts to the public body to show that the OMA was not violated. *Id.* at ¶ 25. If it does so, the burden shifts once again to the party that claims a violation of the OMA. *Id.*; *Ames v. Rootstown Twp. Bd. of Trustees*, 2019-Ohio-5412, 151 N.E.3d 37 (11th Dist.)

{¶ 14} Herein, the affidavits, exhibits, and other documents submitted to this court demonstrate that meeting notices with regard to council meetings for interviews to replace vacant councilperson positions, the reorganization of council to remove relator Martin as president of counsel, the removal of Martin as a councilperson, and the appointments of Shabazz and Billings were made in conformity with the OMA and Section 103.01 of the East Cleveland Charter. Martin has failed to demonstrate, by a preponderance of the evidence, that any public notice meeting requirements were violated.

### 3. Council Appoints Shabazz to Replace Recalled Ernest Smith on East Cleveland Council

{¶ 15} On November 29, 2022, the Cuyahoga County Board of Elections certified the recall of Ernest Smith that triggered a 30-day period in which East Cleveland Council was permitted to fill the vacant position of councilperson. Section 100 of the East Cleveland Charter provides that

> [w]hen the office of a member of Council shall become vacant, the vacancy shall be filled by election for the unexpired term by a majority

vote of all the remaining members of the Council. If the Council fails within 30 days to fill such a vacancy, the President of Council shall fill it by appointment.

{¶ 16} On December 20, 2023, a special meeting was held in order to appoint a replacement for recalled councilperson Ernest Smith. The record clearly demonstrates that a majority of the remaining members of the East Cleveland Council, Stevenson, Gowdy, and Blochowiak, appointed Shabazz to fill the vacant Ward 3 position of councilperson. *See* exhibit No. A-4 of relators' motion for summary judgment; minutes of special meeting to fill Ward 3 vacancy held on December 20, 2022. Out of an abundance of caution, a majority of the East Cleveland Council, on December 27, 2022, once again voted to select Shabazz as the replacement for recalled councilperson Ernest Smith. *See* exhibit Nos. A-5 and A-6 of respondents' motion for summary judgment; minutes of special meeting to fill Ward 3 vacancy held on December 20, 2022. The majority of East Cleveland Council, pursuant to Section 100 of the East Cleveland Charter, lawfully filled the vacant position of Ward 3 councilperson by appointing Shabazz within 30 days of the November 29, 2022, certification of the recall of Ernest Smith. Consequently, quo warranto does not lie to remove Shabazz from the position of East Cleveland Ward 3 councilperson. *State ex rel. Deiter v. McQuire*, 119 Ohio St.3d 384, 2008-Ohio-4536, 894 N.E.2dd 680; *State ex rel. Branch v. Pitts*, 2018-Ohio-1184, 110 N.E.3d 87 (8th Dist.).

## 4. McClain's Claim for Quo Warranto

{¶ 17} McClain argues that he is entitled to fill the position of Ward 3 councilperson. However, as previously discussed, Shabazz was properly appointed to fill the vacant Ward 3 Councilperson position. McClain has failed to demonstrate that he is entitled to the office of Ward 3 Councilperson and has also failed to demonstrate that the claimed office of Ward 3 Councilperson is unlawfully held and exercised by Shabazz. *State ex rel. Zeigler v. Zumbar*, 129 Ohio St.3d 240, 2011-Ohio-2939, 951 N.E. 2d 405; *Deiter*.

## 5. Removal of Martin as President of East Cleveland Council

{¶ 18} Pursuant to Rule 23(B) of the East Cleveland Codified Ordinances, Section 113, the reorganization of Council positions could occur at any time based upon a quorum vote of three-fifths of Council members:

> The organization, reorganization and the filling of vacancies of the Council offices of President and Vice President shall be in accordance with the following provisions.
>
> (a) Organization. The organization of Council shall be as prescribed by § 102 of the Charter of the city.
>
> (b) Reorganization. The reorganization of Council may occur at any time, by motion, upon the vote of three-fifths of the members of Council.
>
> (c) Vacancy. When a vacancy occurs in the office of President or Vice President, it shall be filled, by motion, by the vote of three-fifths of the members of Council. In addition, when a governing body possesses the power to choose its own presiding officer from its own members, the office is held at will, and the governing body possesses the inherent authority to remove the presiding officer at any time.

{¶ 19} The affidavits, exhibits, and other documents attached to respondents' joint motion for summary judgment clearly demonstrate that the lawful reorganization of Council occurred pursuant to Rule 23 and a three-fifths vote of Council on December 27, 2022. Martin was lawfully removed from the office of president of East Cleveland Council. *State ex rel. Branch v. Pitts, supra*; *Smith v. Walcott*, 8th Dist. Cuyahoga No. 57426, 1990 Ohio App. LEXIS 3665 (Aug. 23, 1990). Martin was properly removed from the office of president of Council.

## 6. Removal of Martin as Councilperson via Malfeasance

{¶ 20} Section 99 of the East Cleveland Charter provides that any member of the East Cleveland Council can be removed from office for gross misconduct, malfeasance, disqualification for office, or conviction of a crime of moral turpitude:

> Each member of the Council, for at least one year immediately prior to his or her election shall have been, and during the term of office shall continue to be, a resident of the City of East Cleveland, Ohio, and shall have the qualifications of an elector therein. No person shall be a member of Council who holds any employment with the City of East Cleveland, the East Cleveland Board of Education, or other incompatible public employment or holds other public office except that of notary public or member of the State Militia.

> Any member becoming *guilty of gross misconduct or malfeasance* in office, being convicted of a crime involving moral turpitude while in office, or ceasing to possess the qualifications herein provided, shall thereby forfeit his office.

> The Council shall be the judge of the election and qualifications of its own members. It may expel any member for gross misconduct, or malfeasance in, or disqualification for office or for conviction of a crime involving moral turpitude while in office; provided, however, that such expulsion shall not take place without the concurrence of four members nor until the delinquent member shall have been notified of the charge against him and given an opportunity to be heard.

(Emphasis added.)

{¶ 21} In addition, East Cleveland Municipal Code, Section 111.02, allows for East Cleveland Council to establish an investigatory committee to review the conduct of any city official:

(a) Upon a majority vote of members of Council, the President of Council is hereby directed to and shall appoint such committee or committees to perform and conduct any investigation into the conduct or operation of any city official or department of the city government. Upon the appointment of any such committee, the Council President shall notify Council through its Clerk, in writing, of the individual members appointed to such committee, the date that the investigation shall commence and the purpose for which such investigation shall be held.

(b) The President of Council shall be the presiding officer of any committee undertaking any investigation within the city and Council shall appoint and provide the presiding officer with special legal counsel and the counsel so appointed shall advise the presiding officer and Council on any and all questions of law.

(c) All proceedings before any such committee by the Council President shall be recorded and transcribed and the transcripts shall be dealt with in the manner determined by a majority of the committee with regard to the use or release of the evidence, testimony or information contained in the same.

(d) The committee hearings shall be held in such manner and at such times as the presiding officer shall direct and shall be closed door hearings or public hearings as the presiding officer shall direct, based upon the subject matter to be under investigation or discussed by such committee.

(e) For the purposes of securing witnesses, testimony, or evidence any such committee shall have the power and authority to issue subpoenas or attachments to compel the attendance of witnesses and/or produce any documents or evidence deemed necessary by such committee.

(f) The committee shall endeavor to conclude any such investigation within 30 days from the date of its appointment and shall advise

Council of any conclusions, findings, or recommendations in a written report to the entire Council.

{¶ 22} On January 17, 2023, East Cleveland Council provided notice to Martin of the allegations of "malfeasance" based upon improper conduct, while serving as a councilperson, that included (1) misuse of an East Cleveland Council postage machine used to mail campaign literature for his election campaign, (2) acceptance of gift bags from a local business owner that were then distributed to city residents as part of his election campaign, (3) failure to report in-kind donations on campaign finance reports, (4) without the approval of East Cleveland Council, signed a letter supporting a local business owner's purchase of real property from Cuyahoga County, and (5) continuing to hold himself out, in public documents, as president of East Cleveland Council after removal from his position as president of East Cleveland Council. On January 19, 2023, an investigative committee was empaneled to investigate the allegations made against Martin. On January 30, 2023, a second packet of documents that evidenced malfeasance was delivered to Martin. On February 14, 2023, allegations of malfeasance against Martin were heard by the East Cleveland Council, and by a vote of 4-0, Martin was expelled from the East Cleveland Council.

{¶ 23} The procedure to remove a public officer is quasi-penal and must be strictly construed, and the law does not, ordinarily, favor the removal of an elected official from office. *Zeigler v. Zumbar*, *supra*; *State ex rel. Corrigan v. Hensel*, 2 Ohio St.2d 96, 206 N.E.2d 563 (1965); 2,867 *Signers v. Mack*, 66 Ohio App.2d 79,

419 N.E.2d 1108 (9th Dist.1979). The burden of proof, when considering the removal of an elected official from office, is clear and convincing evidence. *McMillen v. Diehl*, 128 Ohio St. 212, 190 N.E. 567 (1934); *In re Removal of Kuehnle*, 161 Ohio App.3d 399, 2005-Ohio-2373, 830 N.E.2d 1173 (12th Dist.).

{¶ 24} Malfeasance is defined as doing an act that a person should not do while in office. *Nosse v. Kirtland*, 11th Dist. Lake No. 2022-L-032, 2022-Ohio-4161; *In re Removal of Sites*, 170 Ohio App.3d 272, 2006-Ohio-6996, 866 N.E.2d 1119 (4th Dist.). One act of malfeasance alone can be the basis for removal, and willful action that results in the act of malfeasance is not required. *In re Removal of Kuehnle, supra.*

{¶ 25} Herein, Martin was accused of malfeasance based upon five claims of misconduct while serving as a councilperson: (1) misuse of East Cleveland Council postage machine to mail campaign literature; (2) acceptance of gift bags from local business owner and then distributed to city residents; (3) failure to report in-kind donations on campaign finance report; (4) signed letter on behalf of council without authority; and (5) continued to represent himself as president of East Clevland Council after removal. On January 19, 2023, emails were sent to all councilpersons regarding the investigation of Martin for malfeasance and an investigatory committee was formed to scrutinize the alleged misconduct of Martin.

> TO: Councilor Lateek Shabazz Councilor Juanita Gowdy Councilor Nathaniel Martin Councilor Patricia Blochowiak Mansell Baker, Secretary

> FROM: KOREAN C. STEVENSON, PRESIDENT OF COUNCIL

SUBJECT: INVESTIGATIVE TEAM DATE: January 19, 2023

Now comes the President of Council Korean C. Stevenson as the lead investigator in the matter of malfeasance of Nathaniel Martin in Resolution (03 23). The time and date has been set for Councilor Matin to defend the accusations of malfeasance. The meeting shall convene on January 31, 2023, at 6:30 p.m. The investigative committee is requesting the materials given to Councilor Martin as discovery of the charges against him at the time of notice of the investigation into malfeasance. The council of his peers shall convene the meeting in city hall chambers and the investigation shall unfold as prescribed above. The lead investigator (Council President) has appointed Lateek Shabazz and Juanita Gowdy as the members of the investigation committee. The committees shall meet weekly to determine the validity if any and the depth of each of the charges. The committee is also open to investigate any other charges that may arise out of this investigation. Malfeasance is a charge that is extensive in its reach and includes: deceit, deception, duplicity, lying, falseness, falsity, falsehood, untruthfulness, fraud, fraudulence, sharp practice, cheating, chicanery, craft, cunning, trickery, artifice, artfulness, wiliness, guile, double-dealing, underhandedness, subterfuge, skullduggery, treachery, perfidy, unfairness, unjustness, improbity, untrustworthiness, dishonor, and unscrupulousness. "Malfeasance" is an old-fashioned word meaning "evil-doing, specifically official misconduct on the part of one in public employment." (Oxford English Diet. (2d Ed.).) A more modern term is "official misconduct." Someone who commits malfeasance is called a "malfeasor"—a word so old that spell-check wants to correct it. If found guilty by a team of this peers Councilor Martin could have judgment of forfeiture of said office with all its emoluments entered thereon against him, creating thereby in said office a vacancy to be filled as prescribed by the laws of the city of East Cleveland. The investigative committee shall use all of its resources to come to a conclusion and dispose of this matter as prescribed by law. Meeting dates and times will be forthcoming in the next days. Please adhere to the committee investigative process wherein ALL information is CONFIDENTIAL and is not to be discussed outside of the investigative committee team.

{¶ 26} The official minutes of the East Cleveland council meeting, held on 1/17/23, demonstrate that Martin was apprised of the allegations of misfeasance.

Councilor Blochowiak asked for a motion to waive the 24-hour rule. Lateek Shabazz seconded it. Blochowiak wanted to place on the agenda, a resolution charging Councilor Nathaniel Martin for misconduct and asking that a removal hearing be held for malfeasance in office. Councilor Blochowiak read the charges. Private attorney Willa Hemmons tried to interrupt with a point of order and claimed that the charges must be heard in executive session. Council President Stevenson told Hemmons she was wrong; and her opinion was not requested. Councilor Stevenson asked for discussion. Martin accused certain individuals of trying to mess with him over a year; and said none of the charges were true. He said the charges were political. Council President Stevenson assigned the legislation a temporary number. 03-23 a resolution charging Councilor Martin with gross misconduct. Stevenson, Gowdy, Blochowiak, Shabazz voted to place the resolution on the agenda. Martin said Shabazz was not an authorized member of Council; and challenged his vote. Council President Stevenson said the Board of Elections would rule on Shabazz's legitimacy. A motion to place it on the agenda for Martin to be heard on January 31, 2023 at 6:30 p.m. Martin. Yea. Blochowiak. Yea. Shabazz. Yea. Gowdy. Yea. Councilor Blochowiak provided copies of additional information, evidence, related to the charges. Martin offered an explanation of his conduct and said he'll have his day in court.

{¶ 27} The minutes of the open East Cleveland Council meeting, held on

February 14, 2023, demonstrate that the East Cleveland Council determined that

Martin was removed from council because of misfeasance.

Ord. 12-23 Ordinance to determine whether council will remove Councilman Martin for Gross Misconduct and Malfeasance in office. (Emergency) Martin was provided with the opportunity to be heard. Councilor Gowdy moved to adopt. Second by Blochowiak. Councilor Stevenson states that this isn't an easy process and a difficult thing to do. Councilor Shabazz stated that Martin has caused many problems, and that's why he's voting the way he's voting. Councilor Gowdy states Martin has been on council too long to not know the charter, and he was stealing out the office, and he's also doing other things. Councilor Blochowiak states that she brought in a number of envelopes for Councilor Martin to look at on January 17. Blochowiak also stated that the council has copies of envelopes from the city that he used for his campaign that's theft in office. He accepted donations that were not on his campaign finance report. Then he wrote a letter to support the

owners of Nemo Liquor Store purchasing a building and acting if all council members agreed. He canceled meetings in order to keep us from voting to replace for Ward 3 council seat. Councilor Blochowiak says she still have; a bag she kept as evidence that Martin gave as campaign items with his city business card attached. Councilor Blochowiak says council gave Martin two opportunities to show to be heard and he chose not to show. Stevenson moves to adopt. Second by Blochowiak. Councilor Stevenson Yes. Councilor Blochowiak Yes Councilor Gowdy Yes Councilor Shabazz Yes Ord. 12-23 Passed as Emergency.

{¶ 28} Based upon the affidavits and the exhibits presented to this court, we find that clear and convincing evidence was presented and reviewed by the East Cleveland Council. Martin was properly removed from the position of East Cleveland councilperson pursuant to East Cleveland Municipal Code Section 111.02 and Section 99 of the East Cleveland Charter.

## 7. Appointment of Billings to East Cleveland Council

{¶ 29} Martin was removed from the office of councilperson on February 14, 2023. Within 30 days of Martin's removal from office as a councilperson, the East Cleveland Council filled the vacant position with Billings, as permitted under Section 100 of the East Cleveland Charter. Because Martin was properly removed from office, we find no issue with the appointment of Billings. Quo warranto does not lie with regard to the appointment of Billings as a replacement for Martin.

## B. Laches

{¶ 30} Laches contains four separate elements: (1) unreasonable delay or lapse of time in asserting a right; (2) no excuse for the delay; (3) constructive or actual knowledge of the wrong or injury; and (4) prejudice to the other party. *State*

*ex rel. Citizens for Responsible Green Govt. v. Green*, 155 Ohio St.3d 28, 2018-Ohio-3489, 118 N.E.3d 236; *State ex rel. Carrier v. Hilliard City Council*, 144 Ohio St.3d 592, 2016-Ohio-155, 45 N.E.3d 1006. Herein, we find that an unreasonable delay or lapse of time occurred between the time that relator Martin was removed from office, on February 14, 2023, and the filing of the complaint for quo warranto, on March 8, 2023. Because of the possible impact upon the makeup of council, and the possible different outcomes of legislation voted on by council, the relators were required to immediately prosecute their complaint for quo warranto. *State ex rel. Vickers v. Summit Cty. Council*, 97 Ohio St.3d 204, 2002-Ohio-5583, 777 N.E.2d 830. Thus, we find that laches is applicable to the present claim for quo warranto.

## C. Request for Mandamus, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction

{¶ 31} The relators' request for mandamus, in order to compel the continued payment of salaries and other benefits, is denied as moot. *State ex rel. Davidson v. Beathard,* 165 Ohio St.3d 558, 2021-Ohio-3125, 180 N.E.3d 1105. In addition, if the allegation of a complaint for a writ of mandamus demonstrates that the real object sought is a prohibitory injunction and a declaratory judgment, the complaint does not state a cause of action in mandamus and must be dismissed for lack of jurisdiction. *State ex rel. Gadell-Newton v. Husted*, 153 Ohio St.3d 225, 2018-Ohio-1854, 103 N.E.3d 809; *State ex rel. Evans v. Blackwell*, 111 Ohio St.3d 437, 2006-Ohio-5439, 857 N.E.2d 88; *State ex rel. Smith v. Indus. Comm.*, 139 Ohio St. 303, 39 N.E.2d 838 (1942).

## III. CONCLUSION

{¶ 32} Accordingly, we grant the respondents' joint motion for summary judgment. Costs to Relators. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

{¶ 33} Writs denied.

_Frank Daniel Celebrezze III_
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR